Jeffrey I. Hasson
Hasson Law, LLC
12707 N.E. Halsey Street
Portland, OR  97230
Phone: (503) 255-5352
Facsimile No.: (503) 255-6124
E-Mail:  hasson@hassonlawllc.com
Washington State Bar No. 23741
Attorney for Defendant Sacor Financial, Inc.

Honorable Ricardo S. Martinez

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| RUSSELL BRANDT,<br><br>                                                  Plaintiff,<br><br>vs.<br><br>COLUMBIA CREDIT SERVICES, INC., *et al.*,<br><br>                                                  Defendants. | Case no.   2:17-CV-00703-RSM<br><br>DEFENDANT SACOR FINANCIAL, INC.'S MOTION TO COMPEL ARBITRATION<br><br>NOTED ON MOTION CALENDAR: SEPTEMBER 29, 2017 |

**I.  Relief Requested.**

Defendant Sacor Financial, Inc. ("Sacor") requests the Court compel arbitration of the claims filed by Russell Brandt ("Brandt"), and dismiss the claims filed by Brandt because Brandt agreed to a contract with the original assignor, MBNA America Bank, NA ("MBNA"), and that contract was eventually assigned to Sacor.

**II.  Introduction.**

Brandt's claims are subject to a broadly-worded arbitration clause contained in the line of credit agreement which applies to Brandt's claims. Because of the strong public policy in favor of

DEFENDANT SACOR FINANCIAL, INC.'S MOTION TO COMPEL ARBITRATION - 1
Case no.   2:17-CV-00703-RSM

Hasson Law, LLC
Attorneys at Law
12707 NE. Halsey Street
Portland, OR  97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

arbitration, the matter should be dismissed and subject to arbitration. Courts have held that an assignee like Sacor is entitled to rely on and enforce arbitration agreements contained within line of credit agreements. In fact, the underlying judgment out of which this case arises resulted from a previous arbitration undertaken pursuant to the line of credit agreement.

Sacor purchased all rights to the line of credit debt of Brandt after a judgment was entered against Brandt in Washington state court long ago in 2005. After being assigned the debt and judgment, Sacor attempted to enforce the judgment against Brandt in State Court.

### III. Background.

Sacor is a licensed Washington collection agency. Dkt. # 1-2, p. 2, 2.12.

This case arises out of Sacor's efforts to collect on a judgment against Brandt resulting from Brandt's default on a line of credit agreement with original creditor MBNA. Declaration of Michael Hansen ("Hansen Decl.") ¶ 5, Exhibit A. MBNA sold Brandt's account to Hilco Receivables, LLC ("Hilco"). . Hansen Decl., at ¶ 6.  Hilco assigned all rights, title and interest in Brandt's account to Columbia Credit Services, Inc. ("Columbia") on September 28, 2004. Hansen Decl., at ¶ 7.

Pursuant to the binding arbitration provision in the MBNA line of credit agreement, Columbia initiated binding arbitration against Brandt. Hansen Decl., at ¶ 8. Brandt received notice of the arbitration proceeding. Hansen Decl., at ¶ 9. The arbitration proceeded, and an arbitration award was entered in Columbia's favor and against Brandt on November 29, 2004 in the amount of $6,031.85. Hansen Decl., at ¶ 10.  A copy of the award was served on Brandt. Hansen Decl., at ¶ 11.

Columbia then filed suit in Washington State Court, King County, to confirm the arbitration award to a judgment. Hansen Decl., at ¶ 12. On or about May 13, 2005, Columbia obtained a judgment against Brandt in the Superior Court of the State of Washington, King County. Hansen Decl. ¶ 14. On or about November 15, 2010, Sacor acquired all of Columbia's property including the Brandt's account. Hansen Decl. ¶ 15. Sacor was provided a durable power

DEFENDANT SACOR FINANCIAL, INC.'S MOTION TO
COMPEL ARBITRATION - 2
Case no.   2:17-CV-00703-RSM

**Hasson Law, LLC**
Attorneys at Law
12707 NE. Halsey Street
Portland, OR  97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

of attorney to collect and perform all acts required to make and execute on behalf of Columbia and in its name, any legal document in connection with the further servicing of the Columbia's portfolio, including the debt of Brandt. Hansen Decl. ¶ 16;. On December 10, 2010, March 19, 2012 and May 17, 2012, Sacor sent notices on Sacor letterhead to Brandt at his correct address informing him that Sacor was assigned the debt. Hansen Decl. ¶ 17.

On November 5, 2012, an Assignment of Judgment to Sacor was filed in the Superior Court, County of King. Hansen Decl. ¶ 19. A copy of the assignment was mailed to Brandt at his correct address, and an affidavit of service was filed with the state court. Hansen Decl. ¶ 20.

On March 31, 2017, Brandt filed this Action in King County Superior Court Case No. 17-2-0792-2 SEA.  On April 6, 2017, Sacor was served with Summons and Complaint.  Thereafter, Sacor timely filed a Notice of Removal.  Dkt. # 1.

Brandt claims Sacor violated the Fair Debt Collection Practices Act ("FDCPA"), the Washington Consumer Protection Act ("WCPA") and the Washington Collection Agency Act ("WCAA"), and asks for damages, and injunctive relief.

The parties have agreed that Sacor may amend its answer to include an arbitration defense.  Brandt has agreed to file an amended complaint, and the parties agreed that Sacor could wait for the amended complaint to be filed before adding the defense.  Although signed by the parties, Brandt has not filed the stipulated motion to amend at this writing.  Declaration of Jeffrey I. Hasson,

**IV. Argument.**

    a.  **THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE BRANDT AGREED TO ARBITRATE ANY DISPUTE ARISING FROM OR RELATING <u>IN ANY WAY TO THE UNDERLYING LINE OF CREDIT AGREEMENT.</u>**

The Court should dismiss the Complaint and compel the parties to arbitration. In fact, the judgment out of which this matter arises was the result of a prior arbitration that occurred in May 13, 2005. Hansen Decl. ¶ 8-14.

The Federal Arbitration Act ("FAA") provides that written agreements to arbitrate

DEFENDANT SACOR FINANCIAL, INC.'S MOTION TO COMPEL ARBITRATION - 3
Case no.   2:17-CV-00703-RSM

**Hasson Law, LLC**
Attorneys at Law
12707 NE. Halsey Street
Portland, OR  97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

1  disputes arising out of transactions involving interstate commerce "shall be valid, irrevocable,
2  and enforceable, save upon such grounds that exist at law or in equity for the revocation of any
3  contract." 9 U.S.C. § 2.  The purpose of the FAA is to "reverse the longstanding judicial
4  hostility to arbitration agreements ... and to place arbitration agreements upon the same footing
5  as other contracts." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24, 111 S. Ct. 1647
6  (1991).  To that end, the FAA divests the district court of its discretion and requires it to resolve
7  any doubts in favor of compelling arbitration.  *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213,
8  218, 105 S. Ct. 1238 (1985).  The FAA requires district courts to compel arbitration where, as
9  here, (1) a valid agreement to arbitrate exists; and (2) the dispute falls within the scope of that
10 agreement.  *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).
11 Where both conditions are satisfied, the FAA "leaves no place for the exercise of discretion by a
12 district court, but instead mandates that district courts *shall* direct the parties to proceed to
13 arbitration." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in
14 original); 9 U.S.C. § 4.

15 Applying these factors and reviewing the MBNA Line of credit Agreement, it is clear
16 that Brandt's claims are subject to arbitration. The Agreement contained the following
17 mandatory arbitration provision:

18 > **Arbitration**: Any claim or dispute "("Claim")" by either you or us against the
19 > other, or against the employees, agents or assigns of the other, arising from or
20 > relating in any way to this Agreement or any prior Agreement or your account
21 > (whether under a statute, in contract, tort, or otherwise and whether for money
22 > damages, penalties or declaratory or equitable relief) including claims regarding
> the applicability of this Arbitration Section or the validity of the entire Agreement
> or any prior Agreement, shall be resolved by binding arbitration. "Claim" shall
> have the broadest meaning possible.

Hansen Decl., Exhibit B, ,p. 10.

24 The Ninth Circuit has recognized that "all disputes" clauses of this sort are "broad and far
25 reaching" in scope, *Chiron Corp.,* 207 F.3d at 1131, and are "routinely used . . . to secure the
26 broadest possible arbitration coverage." *Britton v. Co-op Banking Group,* 4 F.3d 742, 745 (9th

DEFENDANT SACOR FINANCIAL, INC.'S MOTION TO
COMPEL ARBITRATION - 4
Case no.   2:17-CV-00703-RSM

**Hasson Law, LLC**
Attorneys at Law
12707 NE. Halsey Street
Portland, OR  97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

1  Cir. 1993). Such clauses require arbitration of all disputes that "touch matters" covered by the

2  contract defining the parties' relationship. *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 721 (9th

3  Cir. 1999).

4        As written, the arbitration provision in the Line of Credit Agreement encompasses any

5  dispute relating to the handling of the applicable line of credit account including communications

6  relating to the account. Hansen Decl., Exhibit B. The MBNA Line of Credit Agreement is from

7  Sacor's file pertaining to Brandt's account. Hansen Decl. ¶ 8-12. This Agreement was included

8  with documents Sacor received upon being assigned the account of Brandt. Hansen Decl. ¶ 8-

9  12. The files and business records Sacor received in the transaction include a spreadsheet

10 indicating Brandt's account was included in the transaction, and thereby subject to the arbitration

11 provision. Hansen Decl. ¶ 15.

12       By including in the Agreement such express and detailed language, the parties clearly

13 manifested their intent to enter into a valid and enforceable agreement to arbitrate any and all

14 claims or disputes arising under the Agreement or related to the account. The provision itself

15 calls for the broadest possible interpretation to be used. It applies to any claim arising from or

16 relating in any way to Brandt's "account."

17       Because Brandt's claims relate to aspects of the parties' contractual relationship, they fall

18 within the broad scope of the arbitration clause. *See Nauru Phosphate Royalties, Inc. v. Drago*

19 *Daic Interests, Inc.*, 138 F.3d 160, 165 (5th Cir. 1998). Indeed, this clause is a "prototypical[ly]

20 broad" arbitration provision, which "justifies a presumption of arbitrability." *Oldroyd*, 134 F.3d

21 at 76 (enforcing clause requiring the arbitration of "[a]ny dispute, controversy or claim arising

22 under or in connection with" an employment agreement); *see also JLM Indus., Inc. v. Stolt-*

23 *Nielsen SA*, 387 F.3d 163, 172-73 (2d Cir. 2004) (enforcing clause providing for arbitration of

24 "[a]ny and all differences and disputes of whatsoever nature arising out of this Charter").

25       Moreover, when deciding whether the parties agreed to arbitrate a certain matter

26 (including arbitrability), courts generally should apply ordinary state law principles that govern

DEFENDANT SACOR FINANCIAL, INC.'S MOTION TO
COMPEL ARBITRATION - 5
Case no.  2:17-CV-00703-RSM

Hasson Law, LLC
Attorneys at Law
12707 NE. Halsey Street
Portland, OR  97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

the formation of contracts. *Bell v. Cendant Corp.*, 293 F.3d 563, 566 (2d Cir. 2002). This is because arbitration itself "is a creature of contract." *Bell*, 293 F.3d at 566.

Under Washington law a party also becomes bound by contract terms, even though she did not sign the contract, where she has otherwise manifested her acceptance of the contract or led the other party to believe that she has accepted the contract. *See Hertzke v. Wash. State Dep't of Retirement Sys.*, 104 Wn. App. 920, 933, 18 P.3d 588 (2001) ("A binding contract can exist where one party creates a written document affirmed by the other party's assent through actions."). The Washington Supreme Court, for example, has recognized the enforceability of "shrink wrap" agreements, where the customer manifests assent by peeling off the plastic shrink wrap on a product and using it. *See M.A. Mortenson Co., Inc. v. Timberline Software Corp.*, 140 Wn.2d 568, 584 (2000) ("Mortenson's use of the software constituted its assent to the agreement …. [I]t was not necessary for Mortenson to actually read the agreement in order to be bound by it."); *Discover Bank v. Ray*, 139 Wn. App. 723, 727, 162 P.3d 1131 (2007) ("[T]he offeror may propose acceptance by conduct, and the buyer may accept by performing those acts proposed by the offeror.") (defendant accepted credit card agreement that provided use of card constituted acceptance of agreement and defendant used card). Brandt accepted the terms of the line of credit by using the line of credit.

Moreover, an assignee such as Sacor is entitled to rely on and enforce the arbitration provision in an assigned line of credit agreement – even if the account was sold multiple times.

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration. 9 USC § 3.

The term "parties" in 9 USC § 3 of the Federal Arbitration Act refers to parties to the litigation rather than parties to a contract. *Arthur Andersen LLP v. Wayne Carlisle, 129 S.Ct.*

DEFENDANT SACOR FINANCIAL, INC.'S MOTION TO COMPEL ARBITRATION - 6
Case no.  2:17-CV-00703-RSM

**Hasson Law, LLC**
Attorneys at Law
12707 NE. Halsey Street
Portland, OR  97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

*1896, 1902, 173 L.ED.2d 832 (2009).*

Where state law permits it, a third-party claim is referable to arbitration under an agreement in writing. *Arthur Andersen LLP v. Wayne Carlisle*, 129 S.Ct. at 1902.

FDCPA claims are subject to a contractual arbitration provision. See *Wesley Lougee v. Ad Astra Recovery Services, Inc.*, 2010 U.S. Dist. LEXIS 57896 (D.Co. 2010) where the Court compelled an FDCPA claim and intentional infliction of emotional distress claim based on the collection agency client contract; *Cynthia Wilder v. Midland Credit Management*, 2010 US Dist. LEXIS 59333 (N.D.Ga. 2010) where the Court compelled arbitration of a FDCPA claim based on a loan repayment agreement with the original creditor; *Bolanos v. First Investors Servicing Corp.*, 2010 US Dist. LEXIS 115475 (S.D.Fl. 2010) where the Court compelled arbitration of a FDCPA claim and state law consumer protection statute claim; and *Miller v. Northwest Trustee Services, Inc. et al*, 2005 US Dist. LEXIS 43770 (E.D.Wash. 2005) where Judge Whaley compelled arbitration of an FDCPA claim against one of the co-defendants.

In *Zambrana v. Pressler & Pressler, LLP*, 2016 U.S. Dist. LEXIS 166722, Case No. 16-cv-2907, (S.D.N.Y. Dec. 2, 2016), held that assignees of a credit card debt like Brandt's here could enforce the arbitration provision in the original credit card agreement in an FDCPA case. In *Zambrana*, the credit card debt had been assigned numerous times to various creditors. *Id.* at 3-4. The plaintiff had defaulted on the credit card account, and after the defendants filed a state court collection action, plaintiff filed an FDCPA and GBL lawsuit against the defendant assignees and their lawyers. The plaintiff similarly alleged that the collection action violated the FDCPA because of false and misleading statements or omissions and that the debt was not properly assigned. In enforcing the arbitration agreement, the district court rejected the plaintiff's argument that the assignees lacked standing to invoke the arbitration clause. *Id.* at 15-16. The district court held that the defendants did not have to submit "special proof" to establish a complete chain of title since it was an FDCPA case – not a collection case. *Id.* at 17. As the defendants provided sufficient proof that the account was assigned to them, the district court held

DEFENDANT SACOR FINANCIAL, INC.'S MOTION TO
COMPEL ARBITRATION - 7
Case no.   2:17-CV-00703-RSM

**Hasson Law, LLC**
Attorneys at Law
12707 NE. Halsey Street
Portland, OR  97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

1  that the arbitration agreement was valid and could be enforced by the assignee debt buyers. *Id.* at
2  16-20.

3        *Holland v. LVNV Funding, LLC*, 2016 U.S. Dist. LEXIS 146112, Case No. 16-cv-00069,
4  (W.D. Ky. Oct. 21, 2016), is particularly instructive and on point as well. The circumstances
5  involved in *Holland* also bear a striking similarity to this case. In *Holland*, the plaintiff opened a
6  credit card account with Credit One Bank and defaulted on his payment obligations. Ultimately,
7  the credit card debt was sold and assigned a number of different times to subsequent debt buyers.
8  When the plaintiff filed an FDCPA action against the ultimate buyer holding the debt, LVNV,
9  LLC, the defendant filed a motion to compel arbitration, pointing to the arbitration clause in the
10 original credit card agreement. The district court granted the defendant's motion to compel
11 arbitration. *Holland*, 2016 U.S. Dist. LEXIS 146112, at *17-20.  In so doing, the district court
12 held that the ultimate assignee possessed the right to compel arbitration of the dispute, since the
13 dispute fell within the scope of the arbitration provision and applied to the original creditor's
14 "successors and assigns." *Id.*

15       Much like the agreement in *Holland*, the MBNA line of credit agreement here provides
16 that MBNA's successors and assigns may rely on the arbitration provision: "For the purposes of
17 this Arbitration Section, "we" and "us" means MBNA America Bank, N.A., its parents,
18 subsidiaries, affiliates, licensees, predecessors, <u>successors, assigns, and any purchaser of your
19 account</u> . . . ." Hansen Decl. Exhibit B.  Applying these factors and reviewing the MBNA Line
20 of credit Agreement, it is clear that Brandt's claims are subject to arbitration. The Agreement
21 contained the following mandatory arbitration provision:

22       The requirement that arbitration agreements be enforced "save upon such grounds as
23 exist at law or in equity for the revocation of *any contract*" lies at the heart of the FAA.  *See* 9
24 U.S.C. § 2 (emphasis added).  Where state law seeks to condition the enforceability of arbitration
25 agreements on compliance with special requirements that do not apply to *all contracts generally*,
26 section 2 of the FAA preempts the state law rule. *See Doctor's Assocs., Inc. v. Casarotto*, 517

DEFENDANT SACOR FINANCIAL, INC.'S MOTION TO
COMPEL ARBITRATION - 8
Case no.  2:17-CV-00703-RSM

**Hasson Law, LLC**
Attorneys at Law
12707 NE. Halsey Street
Portland, OR  97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

U.S. at 687 (state law notice requirement for arbitration clauses preempted under FAA).

The Supreme Court emphasized in *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 130 S. Ct. 1758, 1774 (2010), the principle that the FAA grants parties the right to choose with whom and how they wish to arbitrate. Both "courts and arbitrators," the Supreme Court stressed, "must not lose sight of" their task "to give effect to the intent of the parties." *Id*. at 1774-75. Courts and arbitrators "ha[ve] no general charter to administer justice for a community which transcends the parties." *Id*. at 1774 (internal quotes omitted). Considering *Stolt-Nielsen*, the requirements of Section 2 of the FAA, and the doctrine of federal preemption, the Court should enforce MBNA's arbitration agreement.

As written, the arbitration provision in the Line of Credit Agreement encompasses any dispute relating to the handling of the applicable line of credit account including communications relating to the account. Hansen Decl., Exhibit B. The MBNA Line of Credit Agreement is from Sacor's file pertaining to Brandt's account. Hansen Decl. ¶ 6-12. This Agreement was included with documents Sacor received upon being assigned the account of Brandt. Hansen Decl. ¶ 6-12. The files and business records Sacor received in the transaction include a spreadsheet indicating Brandt's account was included in the transaction, and thereby subject to the arbitration provision. Hansen Decl. ¶ 16.

By including in the Agreement such express and detailed language, the parties clearly manifested their intent to enter into a valid and enforceable agreement to arbitrate any and all claims or disputes arising under the Agreement or related to the account. The provision itself calls for the broadest possible interpretation to be used. It applies to any claim arising from or relating in any way to Brandt's "account." The arbitration agreement also precludes class actions.

Moreover, Brandt's activation and subsequent use of the line of credit is sufficient evidence of his consent to the terms of the Agreement. *Hertzke v. Wash. State Dep't of Retirement Sys.*, supra.

DEFENDANT SACOR FINANCIAL, INC.'S MOTION TO COMPEL ARBITRATION - 9
Case no.  2:17-CV-00703-RSM

Hasson Law, LLC
Attorneys at Law
12707 NE. Halsey Street
Portland, OR  97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

Brandt's claims are based on and related to the collection of the judgment that resulted from his breach of the Line of credit agreement. Brandt is bound by its terms, including the arbitration provision.

As a result, the Court should dismiss the Complaint because courts routinely dismiss actions where, as here, all of the issues and claims raised in the complaint are arbitrable. *See, e.g., Spencer-Franklin v. Citigroup/Citibank NA.,* 2007 WL 521295, at *4, No. 06-cv-3475(GBD)(GWG), (S.D.N.Y. Feb. 21, 2007) (dismissing case because "[a]ll courts of which we are aware have followed the rule that, '[w]here all of the issues raised in the Complaint must be submitted to arbitration, the Court may dismiss an action.. . . '"(citation omitted)); *Titan Pharm. & Nutrition, Inc. v. Medicine Shoppe Int'l, Inc.,* 2006 WL 626051, at *6, No. 05-cv-10580(SAS), (S.D.N.Y. Mar. 13, 2006) (same); *Rubin,* 457 F. Supp. 2d at 198 (same); *Najib v. Arnold,* No. 03-cv-3010(CBM), 2005 WL 221429, at *4 (Jan. 31, 2005) (same). Relying on this well-established case law, this Court dismissed the complaint in *Hamerslough v. Hipple* because "all of the issues raised in [the] plaintiff's complaint were arbitrable." 2010 WL 4537020, at *4.

The Court should do the same here and dismiss the action as Brandt's claims fall neatly with the scope of the arbitration agreement as they arise out of Sacor's attempt to enforce the judgment obtained against Brandt resulting from Brandt's breach of the card holder agreement.

**V. Conclusion**

Sacor requests the Court compel arbitration of the Brandt matters, and dismiss those matters,

DATED  September 4, 2017

>s/ Jeffrey I. Hasson
>Jeffrey I. Hasson, WSBA#23741
>Hasson Law, LLC
>Attorney for Sacor
>.

DEFENDANT SACOR FINANCIAL, INC.'S MOTION TO COMPEL ARBITRATION - 10
Case no.   2:17-CV-00703-RSM

**Hasson Law, LLC**
Attorneys at Law
12707 NE. Halsey Street
Portland, OR  97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

Certificate of Service

I hereby certify that on <u>September 4, 2017</u>, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: <u>SaraEllen Hutchison and Samuel Leonard, Daniel L. Steinberg and Katherine A. Christofilis</u> and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

<u>s/ Jeffrey I. Hasson</u>
Jeffrey I. Hasson, WSBA#23741
Attorney for Sacor Financial, Inc.
Hasson Law, LLC
12707 NE Halsey St.
Portland, OR 97230
Phone: (503) 255-5352
Facsimile: (503) 255-6124
E-Mail: hasson@hassonlawllc.com

CERTIFICATE OF SERVICE - 1
Case No. 2:17-CV-00703-RSM

HASSON LAW, LLC
Attorneys at Law
12707 NE. Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124