THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

RUSSELL BRANDT,

                Plaintiff,

      v.

COLUMBIA CREDIT SERVICES, INC., a
Delaware Corporation, WALES & WOEHLER,
INC., P.S., a Washington Corporation, JASON
L. WOEHLER, WSBA Number 27658, and
SACOR FINANCIAL, INC., a California
Corporation

                Defendants.

Case No. 2:17-cv-00703-RSM

PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AGAINST DEFENDANTS
WALES & WOEHLER, INC., P.S. AND
JASON WOEHLER

NOTE ON MOTION CALENDAR:
MARCH 9, 2018

Comes Now Plaintiff, Russell Brandt ("Brandt") and moves this Court for an order of summary judgment against Defendants Wales & Woehler, Inc. P.S. and Jason Woehler as to liability. A proposed order is filed herewith.

## I.      INTRODUCTION

"Congress designed the [Fair Debt Collection Practices Act] to 'eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.'" *Swanson v. Southern Oregon Credit Service, Inc.,* 869 F.2d 1222, 1225 (9th Cir. 1988) (citing S.Rep. No. 382, 95th Cong.2d Sess. 4, *reprinted in* 1977 U.S. Code Cong. & Admin. News 1695, 1699. This case epitomizes the abuses that prompted Congress to enact the Fair Debt Collection Practices Act ("FDCPA"), and prompted the State of Washington

PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AGAINST DEFENDANTS WALES &
WOEHLER, INC., P.S. AND JASON WOEHLER
(2:17-cv-00703-RSM) - 1

**Leonard Law**
1001 4th Ave, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176 F (206) 458-6028

to enact the Consumer Protection Act ("CPA"). In 1977, Congress recognized that deceptive and harassing debt collection practices threaten the peace of mind and economic stability of American families. 15 U.S.C. §1692. In 1961, Washington State declared all unfair or deceptive business practices unlawful. RCW 19.86.020. Defendants Wales & Woehler, Inc. P.S. and Jason Woehler (hereinafter collectively "Woehler") represented the now dismissed Sacor Financial, Inc. ("Sacor") in a state court collection action in which Woehler garnished and harassed Brandt for years after Brandt had paid and settled a debt. It was not until 2016 when Brandt hired counsel that it came to light that the agent of the original debt buyer, CCS, who Brandt paid years before was a criminal who had instructed Brandt and other consumers to deposit settlement monies into the collection agent's personal bank account. For years, however, while Woehler represented Sacor, Woehler failed or refused to investigate Brandt's claims that he had already paid the debt. Instead, Woehler prosecuted numerous garnishments against Brandt and pursued him with collection calls and letters.

In Woehler's zeal to collect the already-settled debt from Brandt, Woehler procured and notarized a false affidavit from Woehler's Washington State APR Rule 9 Intern. In his notary declaration, Woehler falsely attested that his Rule 9 Intern, Frank Huguenin (hereinafter "Huguenin"), was an employee of Sacor, which Huguenin was not. Woehler's persistence in garnishment and his apathy toward Brandt not only led Woehler to continue garnishment on a paid debt, but also led Woehler to fail to apply all amounts garnished to the alleged debt. Even when a King County Superior Court judge instructed Woehler's Rule 9 intern, by that time an attorney, to investigate Brandt's claims that he had paid the debt, Woehler took little action. Not once did Woehler take adequate steps to verify that the proof of payment Brandt showed him was authentic. Instead, Woehler continued to garnish. Woehler's failure to investigate and false representations about the debt form the basis of Woehler's liability under the FDCPA, 15 U.S.C. §1692 *et seq.*, and the CPA, RCW 19.86 *et seq.*

PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AGAINST DEFENDANTS WALES &
WOEHLER, INC., P.S. AND JASON WOEHLER
(2:17-cv-00703-RSM) - 2

**Leonard Law**
1001 4th Ave, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176 F (206) 458-6028

## II.     FACTS

The material facts in this matter are undisputed and verified by Defendants' own records produced in discovery, the public records of the state court, and Defendants' answers to Brandt's Complaint, Interrogatories, and Requests for Admission.

The evidence that Brandt provided CCS, Sacor, and Woehler, documents showing he had settled the debt with CCS in 2006 and paid the settlement amount, are confirmed by records provided by Sacor and state court records. All of Brandt's factual assertions contained herein are supported by either Defendants' records or public records. Sacor's and CCS's account notes confirm that Lane sent Brandt a settlement agreement in 2006 for $6,000.00. Records Sacor obtained through a subpoena and provided to Brandt in discovery confirm that Brandt paid the settlement agreement by deposit of a cashier's check into a bank account, which Sacor discovered was Lane's personal bank account.  Brandt's declaration is concordant with the records and account notes listed above.

### A.     Brandt Paid CCS to Settle CCS's Judgment, Yet Collection Continued.

On May 26, 2006, Columbia Credit Services (CCS), Sacor's predecessor, obtained a judgment against Brandt in King County Superior Court, Case Number 06-2-12082-5 (hereinafter the "Collection Action."). *See* Declaration of Sam Leonard ("Leonard Decl.") ¶4, Ex. A (Collection Action Docket Report.) CCS then garnished $574.80 from Brandt's Bank of America ("BOA") account. Leonard Decl. ¶4, Ex. D. On October 16, 2006, Brandt contacted a CCS collection agent, Justin Lane, and negotiated a final settlement. Declaration of Russell Brandt ("Brandt Decl.") ¶¶ 4-7, Exs. 1-2; Leonard Decl. ¶7, Ex. V at SFI001025, Ln 288 (CCS's and Sacor's collection account records). Lane faxed the settlement agreement to Brandt. Brandt Decl. ¶5, Ex. 1; Leonard Decl. ¶7, Ex. V at SFI001025, Ln. 294. Brandt paid the settlement amount as instructed by Lane. Brandt Decl. ¶7, Ex. 2 (cashier's check made out to "CCS 5280"); *see also* Leonard Decl. ¶ 8, Ex. Y (Chase bank records). No satisfaction of

PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AGAINST DEFENDANTS WALES &
WOEHLER, INC., P.S. AND JASON WOEHLER
 (2:17-cv-00703-RSM) - 3

**Leonard Law**
1001 4th Ave, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176 F (206) 458-6028

judgment was filed in the Collection Action. *See* Leonard Decl. ¶9, Ex. Z (Defendant Wales & Woehler and Jason Woehler's Answer and Affirmative Defenses ("Woehler Answer")) at ¶4.21.

Despite settlement, CCS and its successors-in-interest continued to send Brant collection letters. *See eg.* Brandt Decl. ¶¶9,11, 13, Exs. 3-5; *and* Leonard Decl. ¶7, Ex. V, at SFI001026, Ln. 373, SFI001028, Lns. 450, 476, 480, 484, SFI001029, Lns. 491, 512, 521, SFI001032. Brandt repeatedly followed up with the collectors and showed them proof he had paid. Brandt Decl. ¶¶10, 12, 14; *and see eg.* Leonard Decl. ¶7, Ex. V at SFI001032, Ln. 674, 718, SFI001033.

## B. Woehler Used False Affidavit to Railroad the Collection Process.

Sacor purchased Brandt's account in 2012 and Woehler began collecting for Sacor. Leonard Decl. ¶7, Ex. W at SFI000171; ¶ 4, Ex. E. Woehler's first task for Sacor on the Collection Account was to file an assignment of the judgment obtained by CCS to Sacor.

Sacor's account notes show that an assignment of judgment to Sacor was needed to begin garnishment on the judgment, and that getting the assignment would delay garnishment "45-60 days." Leonard Decl. ¶7, Ex. V at SFI001031-32, Ln. 660-667. Woehler did not wait. Just 11 days later, Woehler filed an Assignment of Judgment to Sacor Financial (hereinafter the "Assignment of Judgment"). Leonard Decl. ¶4, Ex. E; Ex. Z ¶4.28 (Woehler Answer).

The Assignment of Judgment was not signed by a Sacor employee. Leonard Decl. ¶4, Ex. E. It was signed by Woehler's Rule 9 Intern, Huguenin. *Id.* at 1. Jason Woehler notarized the Assignment of Judgment, stating:

> I, Jason Woehler, Notary Public in and for the State of Washington, do hereby certify that on this day, <u>Frank Huguenin of SACOR Financial, Inc.</u> personally appeared before me, to me known to be the individual described in and who executed the within instrument and acknowledged that he/she signed the same as a free voluntary act and deed, with full corporate authority, for the uses and purposes herein mentioned.

*Id.* (<u>emphasis added</u>).

Huguenin did not work for Sacor when Jason Woehler notarized the Assignment of Judgment. Leonard Decl. ¶¶11-12 Ex. BB, RFAs 43, 46 (Plaintiff's Second Set of Requests for

PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AGAINST DEFENDANTS WALES &
WOEHLER, INC., P.S. AND JASON WOEHLER
 (2:17-cv-00703-RSM) - 4

**Leonard Law**
1001 4th Ave, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176 F (206) 458-6028

Admission to Jason Woehler.) Jason Woehler knew that Huguenin did not work for Sacor when he notarized the Assignment of Judgment. *Id.*

### C. Garnishment Continued and Sacor and Woehler Did Not Credit Brandt's Account with the Amount He Paid CCS or the Amounts Previously Garnished.

With the Assignment of Judgment hurdle out of the way, on November 9, 2012, Woehler filed an Application for Writ of Garnishment against Bank of America in the Collection Action. Leonard Decl. Ex A (Collection Action Docket); Leonard Decl. Ex. Z, ¶4.29 (Woehler Answer). That Application for Writ of Garnishment credited Brandt $564.80 for amounts previously garnished. Leonard Decl. ¶4, Ex. F at (Nov. 9, 2012 App. For Writ of Garn.). Brandt contacted Woehler just days later and provided Woehler the proof that Brandt had already paid the debt. Brandt Decl. ¶¶15-16; Leonard Decl. ¶7, Ex. V at SFI001032-33, Lns. 718-77. Sacor's records show Brant provided Woehler and Sacor:

1. A copy of the settlement agreement signed by Lane and on CCS letterhead;

2. A copy of Brandt's notes from his call with Lane;

3. A receipt for the cashier's check he purchased to settle the debt showing that a cashier's check was purchased by Brandt and made payable to CCS 5280 in the amount of $5,425.20; and

4. A cancelled copy of the cashier's check in the amount of $5,425.20, showing "Pay to the order of: CCS 5280," showing the bank endorsement from the deposit, and showing the account number and bank branch the check was deposited in.

*See* Leonard Decl. ¶7, Ex. X; *and* Ex. V at SFI001032, Lns. 718-22. "5280" is the account number CCS assigned Brandt's account. *See* Leonard Decl. Ex. V SFI001020. Sacor's records reflect that the records were transmitted to Sacor by "Frank" on November 21, 2012 and Woehler on November 30, 2012. *Id.* at SFI001032, Lns. 674-691.

PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AGAINST DEFENDANTS WALES &
WOEHLER, INC., P.S. AND JASON WOEHLER
 (2:17-cv-00703-RSM) - 5

**Leonard Law**
1001 4th Ave, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176 F (206) 458-6028

Woehler did not quash the garnishment. Leonard Decl. ¶7, Ex. V at SFI001032-34. Even after Brandt provided Woehler with proof that the debt was long ago paid, $190.17 was garnished from Brandt's BOA Account. Leonard Decl. ¶4, Ex. G, Leonard Decl. Ex. Z, at ¶4.32 (Woehler Answer). Woehler did nothing to stop this from happening.

Despite knowing that there was at least a question about the status of "5280," Woehler filed another Application for Writ of Garnishment on November 13, 2013. Leonard Decl. ¶4, Ex. H. There is no answer to that writ in the court records. Leonard Decl. ¶4, Ex. A.

Woehler then filed a Motion and Order Directing Personal Appearance of Russell Brandt for Examination on May 7, 2015. Leonard Decl. ¶4, Ex. I (Motion and Order Directing Personal Appearance); Leonard Decl. Ex. Z, ¶4.38 (Woehler Answer). Huguenin, by then a licensed Washington lawyer working for Woehler, appeared for Sacor at the hearing. Brandt appeared *pro se*. Leonard Decl. ¶5, Ex. S, at 3 (Verbatim Report of Debtor Examination Proceedings held June 30, 2015).

Brandt told the court he paid the debt in 2006. *Id.*, at 7:11-19. Brandt provided the court with the same documents he had previously provided. *Id.* at 7:11-25, 8:1-4.

Brandt testified under oath that he had paid the debt and spoken with Jason Woehler a couple of times on the matter. *Id.* at 7:1111-19, 8:10-11. Huguenin stated at the hearing that this was the first time he had heard of "this." *Id.* at 8:5-6, 8:14-16. The court commented that looking at Brandt's information, it appeared that Sacor had been paid, and the court instructed Huguenin and Brandt to go out into the hall to discuss the matter, because "if it's been paid, it's been paid." *Id.* at 8:24-9:2, 9:8-14.

**D. Woehler Ignored Brandt and the King County Court – and Garnished Again.**

Instead of stopping his collection efforts, on July 6, 2016, Woehler filed two more Applications for Writs of Garnishment, one against BOA and the other against Boeing Employees Credit Union ("BECU") claiming Brandt owed $16,043.96. Leonard Decl. Exs. J *and* K; Leonard Decl. Ex. Z, ¶4.49 (Woehler Answer). Neither garnishment credited the

PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AGAINST DEFENDANTS WALES &
WOEHLER, INC., P.S. AND JASON WOEHLER
 (2:17-cv-00703-RSM) - 6

**Leonard Law**
1001 4th Ave, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176 F (206) 458-6028

judgment sum with all of the $764.97 that had been previously been garnished from Brandt, or the settlement payment from ten years prior. Leonard Decl. ¶10, Ex. AA, RFAs 21 *and* 23, (Woehler Answer to First RFAs).

The BECU garnishment resulted in $1,490.49 being withheld from Brandt's BECU account. Leonard Decl. ¶4, Ex. L, at 1 (BECU Answer). The BOA garnishment resulted in $20.58 being withheld from Brandt's BOA account. Leonard Decl. ¶4, Ex. M, at 1.

**E. Sacor Hires New Counsel, Which Obtains Records Showing Brandt Paid Per the Terms of the Settlement Agreement and Lane Stole the Money; The King County Superior Court Vacates the Collection Judgment; and, Sacor Dismisses with Prejudice the Collection Action.**

On March 1, 2017, Brandt filed a Motion for an Order to Show Cause and a Motion to Set Aside Default Order and Judgment in the Collection Action. Leonard Decl. ¶4, Ex. A (Collection Action Docket). Sacor obtained new counsel and filed a Motion to Continue the Show Cause Hearing, arguing that Sacor had not had adequate time "properly to investigate [Brandt's] allegations." Leonard Decl. ¶4, Ex. N, at 4-5. Sacor explained that it had submitted a subpoena to JPMorgan Chase, successor-in-interest to Washington Mutual, to figure out whose account the settlement payment had been deposited into. *Id.* The court denied Sacor's request for more time to investigate the matter. Leonard Decl. ¶6, Ex. T, at 15:1-5 (Verbatim Report of show cause hearing held March 24, 2017)

Chief Judge Beth Andrus, as she vacated the CCS/Sacor judgment, commented as follows:

> "I very, very rarely [vacate a judgment under CR 60(b)(11)]; but if ever there is an extraordinary circumstance to do so, it is this one."

> "Sacor should have been looking into this last year, if not sooner…. I can't just let a judgment stand when I've got undisputed evidence at this point that he paid this debt off pursuant to a settlement agreement."

Leonard Decl. ¶6, Ex. T, at 15:11-15.

PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AGAINST DEFENDANTS WALES &
WOEHLER, INC., P.S. AND JASON WOEHLER
 (2:17-cv-00703-RSM) - 7

**Leonard Law**
1001 4th Ave, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176 F (206) 458-6028

Weeks after the above-quoted hearing, Sacor received documents in response to its subpoena to JPMorgan Chase. Leonard Decl. ¶8, Ex. Y, (JPMorgan Chase Bank Response to Sacor Subpoena). The JPMorgan Chase records show the account Brandt had deposited the check into as instructed was the personal bank account of Lane, Sacor's agent and employee. *Id.*, at Chase000002. The records contained a copy of the cashier's check Brandt provided to Woehler multiple times. *Id.*, at Chase000007. On December 15, 2017, more than five years after Woehler appeared, Sacor dismissed the collection action with prejudice after globally settling with Brandt. Leonard Decl. ¶4, Ex. R.

On March 29, 2017, BECU sent Woehler a letter requesting he provide BECU with a Judgment on Answer, Order to Pay, or Release of Garnishment. Leonard Decl. ¶4, Ex. P. On July 20, 2017, BECU sent Woehler another request for a Judgment on Answer, Order to pay, or Release Garnishment. Leonard Decl. ¶4, Ex. Q.

None of the documents BECU requested are on file in the Collection Action. Leonard Decl. ¶4, Ex. A. To date, Brandt has not received the wrongfully-garnished BECU funds back and has sought relief from the state court. Leonard Decl. ¶13.

## III. ISSUES

1. Should the Court grant summary judgment against Woehler on the issue of liability under the FDCPA and proceed to trial on damages? *YES.*

2. Should the Court grant summary judgment against Woehler on the issue of liability under the CPA and proceed to trial on damages? *YES.*

## IV. EVIDENCE RELIED UPON

This motion relies upon the pleadings on file with the Court in this matter and the Collection Action, the Declaration of Sam Leonard and attached Exhibits, Defendant Woehler's unfiled Answer to Plaintiff's Complaint, the responses of Sacor to Plaintiff's discovery requests, the responses of Woehler to Plaintiff's discovery requests, and the Declaration of Plaintiff Brandt.

PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AGAINST DEFENDANTS WALES &
WOEHLER, INC., P.S. AND JASON WOEHLER
 (2:17-cv-00703-RSM) - 8

**Leonard Law**
1001 4th Ave, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176 F (206) 458-6028

# V.     ARGUMENT

## A.   Summary Judgment Standard

Summary judgment is appropriate where the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. The Court does not weigh evidence to determine the truth of the matter, but instead "determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *F.D.I.C.. v. O'Melveny & Myers*, 969 F.2d 744, 747 (9th Cir. 1992) *rev'd on other grounds,* 512 U.S. 79 (1994)).

A court, on a motion for summary judgment, should view all the evidence and draw inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). The non-moving party cannot defeat a properly supported motion for summary judgment by simply alleging some factual dispute between the parties. *Anderson*, 477 U.S. at 247-48. Any disagreement about a material issue of fact does not preclude summary judgment; the non-movant's claim must be plausible. *California Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.,* 818 F.2d 1466, 1468 (9th Cir. 1987) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574 (1986)). Summary judgment must be granted if the non-moving party can produce nothing more than conclusory or speculative statements. *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 60 F.3d 337, 345 (9th Cir. 1995) (citations omitted). "The mere existence of a scintilla of evidence is likewise insufficient to create a genuine factual dispute." *Sprinkle v. SB&C LTD.*, 472 F. Supp. 2d 1235, 1240 (W.D. Wash. 2006) (citing *Anderson*, 477 U.S. at 252).

///

///

PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AGAINST DEFENDANTS WALES &
WOEHLER, INC., P.S. AND JASON WOEHLER
 (2:17-cv-00703-RSM) - 9

**Leonard Law**
1001 4th Ave, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176 F (206) 458-6028

**B.  For Purposes of Summary Judgment, Unanswered Requests for Admission are Deemed Admitted.**

Fed. R. Civ. P. 36 provides that a matter is deemed admitted and conclusively established unless the responding party serves responses or objections within 30 days after receipt and the Court has not permitted the responding party to withdraw or amend. Fed. R. Civ. P. 36(a)(3). Unanswered requests for admissions may be relied on as the basis for granting summary judgment. *Conlon v. U.S.,* 474 F.3d 616, 621 (9th Cir. 2007) (citing *O'Campo v. Hardisty,* 262 F.2d 621, 624 (9th Cir. 1958).

**C.  The FDCPA is a Strict Liability, Broadly Applied Remedial Statute.**

Congress enacted the FDCPA in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors [which] contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a); *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1024 (9th Cir. 2012). "The FDCPA is a consumer protection statute and was intended to permit, even encourage, attorneys […]to act as private attorney generals to pursue FDCPA claims." *Evon*, 688 F.3d at 1031.

Pursuant to the Fair Debt Collection Practices Act (FDCPA), a "consumer" or "debtor" means "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. §1692a(3). Pursuant to the FDCPA, the term "debt" means: "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. §1692a(5).

Under the FDCPA, a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."   15 U.S.C. §1692a(6).  An attorney who

PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AGAINST DEFENDANTS WALES &
WOEHLER, INC., P.S. AND JASON WOEHLER
 (2:17-cv-00703-RSM) - 10

**Leonard Law**
1001 4th Ave, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176 F (206) 458-6028

"regularly" attempts to collect third party debts is a debt collector under the FDCPA. *See Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507 (9th Cir. 1994). An attorney is a "collection attorney" or "debt collector" and "regularly" collects the debts of another if the volume of his collection cases is high, regardless of what percent of his practice the collection cases actually represent. *Garrett v. Derbes*, 110 F.3d 317 (5th Cir. 1997).

The FDCPA is a strict liability statute. 15 U.S.C. §1692k; *Clark v. Capital Credit & Collection Servs. Inc.,* 460 F.3d 1162, 1175 – 1177. It prohibits deceptive or misleading debt collection from the perspective of the "least sophisticated debtor." *Swanson v. Southern Oregon Credit Service, Inc.,* 869 F.2d 1222 (9th Cir. 1988). "Because the FDCPA is a remedial statute aimed at curbing what Congress considered an industry-wide pattern of and propensity towards abusing debtors, it is logical for debt collectors – repeat players likely to be acquainted with the legal standards governing their industry – to bear the brunt of the risk." *Clark v. Capital Credit & Collection Servs. Inc.,* 460 F.3d at 1171 – 1172. A consumer need not prove that a debt collector did this knowingly or intentionally to create debt collector liability. *Id.* at 1175 - 1176. "[T]he degree of a [debt collector's] culpability may only be considered in computing damages." *Clark*, 460 F.3d at 1176 (citing *Bentley v. Great Lakes Collection Bureau,* 6 F.3d 60, 63 (2d Cir. 1993)). The FDCPA does not require a showing of intent. *Baker v. GC Services Corp.,* 677 F.2d 775 (9th Cir. 1982).

There is a narrow exception to strict liability, the "Bona Fide Error," an affirmative defense for which the debt collector has the burden of proof. *Reichert v. National Credit Systems, Inc.,* 531 F.3d 1002, 1005 – 1006 (citations omitted). The **Bona Fide Error** defense does not protect a debt collector whose reliance on a creditor's representation is unreasonable. *Id.* at 1006 (citing Clark, 460 F.3d at 1177). The Bona Fide Error defense applies only to clerical errors. *Baker at 779* (quoting *Ratner v. Chemical Bank New York Trust Co.,* 329 F. Supp. 270, 281 (S.D.N.Y. 1971). *See also*, *Edwards v. McCormick*, 136 F. Supp. 2d 795 (S.D.

PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AGAINST DEFENDANTS WALES &
WOEHLER, INC., P.S. AND JASON WOEHLER
 (2:17-cv-00703-RSM) - 11

**Leonard Law**
1001 4th Ave, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176 F (206) 458-6028

Ohio 2001). The Bona Fide Error defense does not apply to errors of law. *Baker, supra*; *Marchant v. U.S. Collections West, Inc.,* 12 F. Supp. 2d 1001 (D. Ariz. 1998).

A debt collector cannot blindly rely on its client to avoid liability under the FDCPA: "The fact that the creditor provided accurate information in the past cannot, in and of itself, establish that reliance in the present case was reasonable and act as a substitute for the maintenance of adequate procedures to avoid future mistakes." *Reichert,* 531 F. 3d at 1007. Accordingly, in order to sustain the Bona Fide Error defense, the debt collector must affirmatively demonstrate "the maintenance of procedures reasonably adopted to avoid any such error." *Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507 (9th Cir. 1994). It does not protect a debt collector if its very policies and procedures violate the Act. *Newman v. CheckRite California, Inc.*, 912 F. Supp. 1354 (E.D. Cal. 1995).

An employee of a debt collector can bind the debt collector to a settlement. Under apparent authority, an agent . . . binds a principal . . . if objective manifestations of the principal "'cause the one claiming apparent authority to actually, or subjectively, believe that the agent has authority to act for the principal' and such belief is objectively reasonable*." Kische United States LLC v. Simsek*, No. C16-0168JLR, 2016 U.S. Dist. LEXIS 172372, at *15-16 (W.D. Wash. Dec. 13, 2016) (quoting *Mohr v. Grantham*, 172 Wn.2d 844, 262 P.3d 490, 498 (Wash. 2011) (quoting *King v. Riveland*, 125 Wn.2d 500, 886 P.2d 160, 165 (Wash. 1994))). "In Washington, 'a party dealing in good faith with an agent who appears to be acting within the scope of the agent's authority is not bound by undisclosed limitations on the agent's power.'" *Id.* (quoting *Hoglund v. Meeks*, 139 Wn. App. 854, 170 P.3d 37, 44 (Wash. Ct. App. 2007); *and citing Udall v. T.D. Escrow Servs., Inc.*, 159 Wn.2d 903, 154 P.3d 882, 914 (Wash. 2007) (quoting Restatement (Third) of Agency § 3.03 cmt. b at 175 (2006) ("[W]hen a principal has vested an agent with general authority to engage in a class of transactions, subject to limits known only to the agent and the principal, third parties may reasonably believe the agent to be

PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AGAINST DEFENDANTS WALES &
WOEHLER, INC., P.S. AND JASON WOEHLER
 (2:17-cv-00703-RSM) - 12

**Leonard Law**
1001 4th Ave, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176 F (206) 458-6028

authorized to conduct such transactions and need not inquire into the existence of undisclosed limits on the agent's authority." (internal quotations omitted))).

**THE FDCPA APPLIES.** Here, Woehler admits in his Answer that "Defendants are [...] all 'debt collectors' as defined by the FDCPA." Leonard Decl. Ex. Z, ¶2.14 (Woehler Answer). Woehler also admits in his Answer that "Defendants are not the original creditor, and Defendant uses the mail and interstate commerce to collect defaulted consumer accounts." *Id.*, ¶5.7. He then admits in answers to Plaintiff's First Set of Requests for Admission to Jason L. Woehler that:

> RFA No. 2: He collects debts that were in default at the time that his clients acquire them.
> RFA No. 3: Debt collection is his primary practice area.
> RFA No. 5: Debt Collection reflects over 90 percent of the cases where he is the attorney of record.

Leonard Decl. ¶10, Ex. AA (Woehler Answers to Plaintiffs First RFAs). Woehler is a debt collector under the FDCPA. Further, the parties do not dispute that the debt underlying the judgment was from an MBNA consumer credit card. *See* Brandt Decl., ¶3; *and* Leonard Decl. Ex. Z, ¶4.7 (Woehler Answer) (Woehler admits that "CCS filed a complaint against Plaintiff alleging a defaulted MBNA consumer debt.") Given the Defendants' numerous attempts to garnish Brandt, there can be no plausible factual dispute that Brandt is a consumer who Woehler and the other defendants allege was obligated to pay a debt. Regarding Justin Lane, Lane was an agent of CCS and had apparent authority to settle the debt, and so the debt was settled upon Brandt's depositing the check into the Washington Mutual Account.

**D.    The FDCPA Prohibits Unfair, Misleading and Harassing Collection Conduct.**

The FDCPA protects consumers subjected to collection efforts for obligations they do not owe. *See, e.g. Bereket v. Portfolio Recovery Assocs., LLC*, No. C17-0812-RSM, 2017 U.S. Dist. LEXIS 164763, at *6 (W.D. Wash. Oct. 4, 2017) (citing *Davis v. Midland Funding*, LLC,

PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AGAINST DEFENDANTS WALES &
WOEHLER, INC., P.S. AND JASON WOEHLER
 (2:17-cv-00703-RSM) - 13

**Leonard Law**
1001 4th Ave, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176 F (206) 458-6028

41 F. Supp. 3d 919, 924 (E.D. Cal. 2014)). The FDCPA prohibits a number of unfair and abusive collection practices, including:

    a.  A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. §1692e.

    b.  The unlawful seizure, garnishment, attachment, or sale of any property or wages of any person violates 15 U.S.C. §1692e(4).

    c.  "The threat to take any action that cannot legally be taken or that is not intended to be taken" violates 15 U.S.C. §1692e(5). 15 U.S.C. §1692e(5) is violated by taking an illegal action, as well as by threatening it; *see*, *Sprinkle v. SB&C Ltd.*, 472 F. Supp. 2d 1235, 1247 (W.D. Wash. 2006) (to rule otherwise "would provide more protection to debt collectors who violate the law than those who merely threaten or pretend to do so.")

    d.  "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10); *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 778 (9th Cir. 1982).

    e.  A debt collector must not use unfair and unconscionable means to collect debts. 15 U.S.C. §1692f.

    f.  A debt collector must not collect an amount that is not authorized by contract or law. 15 U.S.C. §1692f(1).

An FDCPA claim must be brought within one year of the date the violation occurs. 15 U.S.C. §1692k(d). When there is a series of violations occurring over several years, multiple wrongs do not make a right; a new garnishment is considered a new violation for the purpose of the one-year statute of limitations. "[N]othing in the language of the FDCPA suggests that the statute of limitations runs from the first possible violation and encompasses all later-occurring and distinct violations." *Malik v. Unifund CCR Partners*, No. C09-1389 MJP, 2009 U.S. Dist. LEXIS 123062, at *14 (W.D. Wash. Dec. 22, 2009).

PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AGAINST DEFENDANTS WALES &
WOEHLER, INC., P.S. AND JASON WOEHLER
 (2:17-cv-00703-RSM) - 14

**Leonard Law**
1001 4th Ave, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176 F (206) 458-6028

**Woehler Violated the FDCPA By Engaging in Unfair and Deceptive Collection Methods and Seeking to Collect Amounts Not Legally Due.** Woehler's actions to collect on the satisfied debt in the year proceeding the filing date of this action (March 31, 2017) are all violations of the FDCPA. Each violation, similar to *Malik v. Unifund CCR Partners, supra,* begins with and turns on Woehler's heedless writs of garnishment and continued prosecution of the settled action.

Woehler's violations also represent a course of conduct that brings every action he took against Brandt within the Court's purview. When determining the egregiousness of Woehler's behavior, the Court should look to all of Woehler's actions, not just those actions occurring within a year of filing. "The statute of limitations [in an FDCPA action] is 'not intended to deprive plaintiffs of the use of evidence of violations that took place more than a year before filing.'" *Piland v. Nationstar Mortg., LLC*, No. 2:12-CV-00444-MJP, 2013 U.S. Dist. LEXIS 21400, at *6 (W.D. Wash. Feb. 15, 2013) (quoting *Joseph v. J.J. Mac Intyre Companies, L.L.C.*, 281 F. Supp. 2d 1156, 1162 (N.D. Cal. 2003)). Finding a continuing violation is "entirely consistent with the FDCPA…broad remedial purpose of protecting consumers." *Id.*

The FDCPA Violations and Woehler's course of conduct are readily understood with the following chart:

| Date | Act | FDCPA Violations |
|---|---|---|
| 11/5/2012 | Woehler files Assignment of Judgment to Sacor Financial which is signed by Woehler's Rule 9 intern who does not work for Sacor, yet Woehler attest and notarizes that his Rule 9 intern is "of SACOR Financial." | Course of Conduct / Continuing FDCPA Violation |
| 11/9/2012 | Woehler filed and served an Application for Writ of Garnishment against BOA stating that Brandt owed Sacor $7,216.97. The writ did not credit Brandt with the amount he had already paid or the full amount of previous garnishments. | Course of Conduct / Continuing FDCPA Violation |

PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AGAINST DEFENDANTS WALES &
WOEHLER, INC., P.S. AND JASON WOEHLER
 (2:17-cv-00703-RSM) - 15

**Leonard Law**
1001 4th Ave, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176 F (206) 458-6028

| | | |
|---|---|---|
| 11/16/2012 | Brandt provides Woehler with documentation showing Woehler that he had already paid and settled the debt. Woehler does not vacate or satisfy the judgment and fails to adequately investigate Brandt's evidence. | Course of Conduct / Continuing FDCPA Violation |
| 5/13/2013 | Woehler obtains Judgment and Order to Disburse BOA garnished funds, files the Answer to the November 14, 2012 Writ of Garnishment to BOA and obtains a judgment on that answer. | Course of Conduct / Continuing FDCPA Violation |
| 11/13/2013 | Woehler files and serves an Application for Writ of Garnishment to State Farm Bank that only credits Brandt with $744.97 for previous garnishments. | Course of Conduct / Continuing FDCPA Violation |
| 5/1/2015 | Woehler files a Petition for an Order Extending Judgment that only credits Brandt with $744.97 from previous garnishments and seeks to extend the judgment on the settled debt; Court grants Woehler's request on 5/4/2015. | Course of Conduct / Continuing FDCPA Violation |
| 5/7/2015 | Woehler files a Motion and Order Directing Personal Appearance of Russell Brandt For Examination and notes the supplemental proceeding hearing. An Order directing Brandt to appear is issued. | Course of Conduct / Continuing FDCPA Violation |
| 5/30/2015 | Woehler has Brandt served with a notice for supplemental proceeding hearing and order directing Brandt to appear. | Course of Conduct / Continuing FDCPA Violation |
| 6/30/2015 | Debtor Examination hearing is held. Brandt appears and provides proof of payment of the debt and the court tells Huguenin that the debt appears to be paid and if it has, the appropriate motion should be filed. Brandt provides Huguenin proof of settlement. Huguenin tells the judge that this is the "first time" he has heard Brandt's claims that he already paid the debt. Huguenin's statement was not true. Huguenin sent the same Brandt documents to Sacor on November 21, 2012. *See* Leonard Decl. ¶7, Ex. V at SFI001032, Lns. 674-691. | Course of Conduct / Continuing FDCPA Violation |
| 3/31/2016 | ONE YEAR PRIOR TO FILING | |

PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AGAINST DEFENDANTS WALES &
WOEHLER, INC., P.S. AND JASON WOEHLER
(2:17-cv-00703-RSM) - 16

**Leonard Law**
1001 4th Ave, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176 F (206) 458-6028

| | COMPLAINT | |
|---|---|---|
| 7/6/2016 | Woehler files and serves an Application for Writ of Garnishment against BECU stating that Brandt owed Sacor $16,043.96. The writ did not credit Brandt with the amount he had already paid or the full amount of previous garnishments. | 15 U.S.C. §1692e<br>15 U.S.C. §1692e(4)<br>15 U.S.C. §1692e(5)<br>15 U.S.C. §1692e(10)<br>15 U.S.C. §1692f<br>15 U.S.C. §1692f(1) |
| 7/6/2016 | Woehler files and serves an Application for Writ of Garnishment against BECU stating that Brandt owed Sacor $16,043.96. The writ does not credit Brandt with the amount he had already paid or the full amount of previous garnishments. | 15 U.S.C. §1692e<br>15 U.S.C. §1692e(4)<br>15 U.S.C. §1692e(5)<br>15 U.S.C. §1692e(10)<br>15 U.S.C. §1692f<br>15 U.S.C. §1692f(1) |
| 3/29/2017 | BECU sends Woehler a request that Woehler provide BECU with a Judgment On Answer, Order to Pay, or Release of the Writ of Garnishment. Woehler does not release the writ and allows Brandt's funds to continue to be withheld. Woehler does not forward the information to Brandt or his counsel. | 15 U.S.C. §1692e<br>15 U.S.C. §1692e(4)<br>15 U.S.C. §1692f<br>15 U.S.C. §1692f(1) |
| 7/20/2017 | BECU sends Woehler a request that Woehler provide BECU with a Judgment On Answer, Order to Pay, or Release of the Writ of Garnishment. Woehler does not release the writ and again allows Brandt's funds to continue to be withheld. Woehler does not forward the information to Brandt or his counsel. | 15 U.S.C. §1692e<br>15 U.S.C. §1692e(4)<br>15 U.S.C. §1692f<br>15 U.S.C. §1692f(1) |
| Course of Conduct Violations 11/16/2012 – 7/20/2017 | Over the course of Woehler's representation of Sacor – and even after he had withdrawn - Woehler was persistent in his garnishment of Brandt. Woehler garnished and ignored Brandt for nearly five years, collecting money on the settled debt. Only when Woehler was replaced with new counsel was a subpoena issued to the bank Brandt had deposited his check and it was discovered what had happened. | 15 U.S.C. §1692e<br>15 U.S.C. §1692e(4)<br>15 U.S.C. §1692e(5)<br>15 U.S.C. §1692e(10)<br>15 U.S.C. §1692f<br>15 U.S.C. §1692f(1) |

The undisputed facts also show that with a reasonable investigation (Sacor's subpoena

of the Washington Mutual Records) Woehler could have seen that Lane settled the debt while

acting as Sacor's agent. *See* Leonard Decl., Exs. O and Y (Subpoena to JP Chase and JP Chase

PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AGAINST DEFENDANTS WALES &
WOEHLER, INC., P.S. AND JASON WOEHLER
(2:17-cv-00703-RSM) - 17

**Leonard Law**
1001 4th Ave, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176 F (206) 458-6028

Records produced in response to Sacor Subpoena). The FDCPA is to be construed for the benefit of the consumer, not the debt collector, and so Woehler, the seasoned debt collector, was in a superior position to get to the bottom of this matter. Although Woehler pled Bona Fide Error as an affirmative defense in his Answer (which was not electronically filed with the court pursuant to LCR 5(d)), there is no plausible way for this defense to succeed. Woehler was repeatedly placed on notice that there were issues with the account he was collecting, but instead of slowing down the process to investigate Brand's claims, Woehler sped up the process by starting it all with a false affidavit. There is no evidence Woehler reasonably "relied on his client;" rather, it appears Woehler shortcut the process, and to some extent ignored Woehler's client, because Woehler was clearly not willing to wait for an assignment from CCS to Sacor. The uncontroverted evidence is that garnishments occurred after Brandt settled the judgment. Woehler's only escape from liability would be the Bona Fide Error defense, but under no set of facts could Woehler contradict the evidence in this matter with any plausible explanation as to how that might apply. Woehler's continued garnishments in the face of Brandt's proof were undisputedly inexcusable and each a discrete violation of the FDCPA that caused Brandt significant harm. Furthermore, while the unanswered Requests for Admission are telling -- by the fact that Woehler did not answer them, and in their substance – they are not necessary for the Court to enter judgment against the Woehler defendants in Plaintiff's favor on Count VI of Plaintiff's Amended Complaint.

**E.  The Washington State Consumer Protection Act**.

Similar to the FDCPA, Washington State's consumer statutes have a broad remedial goal to protect the pocketbook and peace of mind of individuals and families, regardless of their economic status.  The CPA, RCW 19.86 *et seq.* ("CPA") is a broad remedial statute designed to protect consumers and provide injunctive relief from unfair and deceptive business practices. RCW 19.86.090.  The CPA "complement[s] the body of federal law governing restraints of trade, unfair competition and unfair, deceptive, and fraudulent acts or practices in order to

PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AGAINST DEFENDANTS WALES &
WOEHLER, INC., P.S. AND JASON WOEHLER
 (2:17-cv-00703-RSM) - 18

**Leonard Law**
1001 4th Ave, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176 F (206) 458-6028

protect the public and foster fair and honest competition." RCW 19.86.920. A private CPA action consists of the following elements: (1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation. *See Hangman Ridge Training Stables, Inc. v. Safeco*, 105 Wn.2d 778, 780, 719 P.2d 531 (1986). The CPA has a four-year statute of limitations. RCW 19.86.120.

When an act is not a *per se* violation of the CPA, a CPA claim can be predicated on unfair or deceptive practices involving the public interest. *Evergreen Collectors v. Holt,* 60 Wn. App. 151, 154, 803 P.2d 10 (1991). "[It] is the likelihood that additional plaintiffs have been or will be injured in exactly the same fashion that changes a factual pattern from a private dispute to one that affects the public interest." *McRae v. Bolstad*, 101 Wn.2d 161, 676 P.2d 496 (1984). The "public interest" element considers: (1) whether the acts were committed in the course of defendant's business; (2) whether defendant's business advertised to the general public; (3) whether the plaintiff was actively solicited by defendant; and (4) whether the parties occupied unequal bargaining positions. *Hangman Ridge,* 105 Wn.2d at 790-91. "[N]ot one of these factors is dispositive, nor is it necessary that all be present." *Id*. at 791.

Violations of collection laws [such as the FDCPA] affect the public interest. *Panag v. Farmers Ins. Co. of Washington*, 166 Wn.2d 27, 43, 204 P.3d 885 (2009) ("violations of the regulations applicable to either [the insurance industry or the debt collection] industry implicate the public interest and constitute a *per se* violation of the CPA."). "A claim under the Washington CPA may be predicated upon a *per se* violation of statute, an act or practice that has the capacity to deceive substantial portions of the public, or an unfair or deceptive act or practice not regulated by statute but in violation of public interest." *Klem v. Washington Mut. Bank,* 176 Wn.2d 771, 787, 295 P.3d 1179 (2013). To meet the "unfair or deceptive act or practice" element, a plaintiff "need not show that the act in question was *intended* to deceive, but that the alleged act had the *capacity* to deceive a substantial portion of the public." *Hangman Ridge,* 105 Wn.2d at 785. "The purpose of the capacity-to-deceive test is to *deter*

PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AGAINST DEFENDANTS WALES &
WOEHLER, INC., P.S. AND JASON WOEHLER
 (2:17-cv-00703-RSM) - 19

**Leonard Law**
1001 4th Ave, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176 F (206) 458-6028

*deceptive conduct before injury occurs.*" *Id.* (*Emphasis added.*) This is consistent with the FDCPA's strict liability scheme, where intent is not required. Accordingly, Woehler's FDCPA violations constitute violations of the CPA.

### F. Damages under the CPA

Regarding damages, "[t]he injury element will be met if the consumer's property interest or money is diminished because of the unlawful conduct even if the expenses caused by the statutory violation are minimal." *Mason v. Mortgage Am., Inc.*, 114 Wn.2d 842, 854, 792 P.2d 142 (1990)). Time away from one's business and "pecuniary losses occasioned by inconvenience may be recoverable as actual damages." *Panag,* 166 Wn.2d at 58, (citing *Keyes v. Bollinger*, 31 Wn. App. 286, 295, 640 P.2d 1077 (1982)); *see also Sign-O-Lite Signs, Inc. v. DeLaurenti Florists, Inc.,* 64 Wn. App. 553, 825 P.2d 714 (1992).

### G. Woehler Violated The CPA

Every action Woehler took to collect the debt after it had been settled was a violation of the CPA. And, pursuant to *Panag, supra,* every FDCPA violation committed by Woehler constitutes a violation of the CPA. Furthermore, Jason Woehler is personally responsible for all CPA and FDCPA violations as he was either the person committing the violative act, or supervising others in his employ.

The actions taken by Woehler that occurred within the applicable four-year statute of limitations on CPA actions include:

| Date | Act | Violation |
|------|-----|-----------|
| 5/13/2013 | Woehler obtains Judgment and Order to Disburse BOA garnished funds, files the Answer to the November 14, 2012 Writ of Garnishment to BOA and obtains a judgment on that answer. | RCW 19.16.250(15), (16) and (21); RCW 19.86.020 |
| 11/13/2013 | Woehler files and serves an Application for Writ of Garnishment to State Farm Bank that only credits Brandt with $744.97 for previous garnishments. | RCW 19.16.250(15), (16) and (21); RCW 19.86.020 |

PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AGAINST DEFENDANTS WALES &
WOEHLER, INC., P.S. AND JASON WOEHLER
 (2:17-cv-00703-RSM) - 20

**Leonard Law**
1001 4th Ave, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176 F (206) 458-6028

| | | |
|---|---|---|
| 5/1/2015 | Woehler files a Petition for an Order Extending Judgment that only credits Brandt with $744.97 from previous garnishments and seeks to extend the judgment on the settled debt; Court grants Woehler's request on 5/4/2015. | RCW 19.16.250(15), (16) and (21); RCW 19.86.020 |
| 5/7/2015 | Woehler files a Motion and Order Directing Personal Appearance of Russell Brandt For Examination and notes the supplemental proceeding hearing. An Order directing Brandt to appear is issued. | RCW 19.16.250(15), (16) and (21); RCW 19.86.020 |
| 5/30/2015 | Woehler has Brandt served with a notice for supplemental proceeding hearing and order directing Brandt to appear. | RCW 19.16.250(15), (16) and (21); RCW 19.86.020 |
| 6/30/2015 | Debtor Examination hearing is held. Brandt appears and provides proof of payment of the debt and the court tells Huguenin that the debt appears to be paid and if it has, the appropriate motion should be filed. Brandt provides Huguenin proof of settlement. Huguenin tells the judge that this is the "first time" he has heard Brandt's claims that he already paid the debt. Huguenin's statement was not true. Huguenin sent the same Brandt documents to Sacor on November 21, 2012. *See* Leonard Decl. ¶7, Ex. V at SFI001032, Lns. 674-691. | RCW 19.16.250(15), (16) and (21); RCW 19.86.020 |
| 7/6/2016 | Woehler files and serves an Application for Writ of Garnishment against BECU stating that Brandt owed Sacor $16,043.96. The writ did not credit Brandt with the amount he had already paid or the full amount of previous garnishments. | RCW 19.16.250(15), (16) and (21); RCW 19.86.020 |
| 3/29/2017 | Woehler files and serves an Application for Writ of Garnishment against BECU stating that Brandt owed Sacor $16,043.96. The writ does not credit Brandt with the amount he had already paid or the full amount of previous garnishments. | RCW 19.16.250(15), (16) and (21); RCW 19.86.020 |

PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AGAINST DEFENDANTS WALES &
WOEHLER, INC., P.S. AND JASON WOEHLER
 (2:17-cv-00703-RSM) - 21

**Leonard Law**
1001 4th Ave, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176 F (206) 458-6028

| 7/20/2017 | BECU sends Woehler a request that Woehler provide BECU with a Judgment On Answer, Order to Pay, or Release of the Writ of Garnishment. Woehler does not release the writ and allows Brandt's funds to continue to be withheld. Woehler does not forward the information to Brandt or his counsel. | RCW 19.16.250(15), (16) and (21); RCW 19.86.020 |
| --- | --- | --- |

## VI.    CONCLUSION

For the reasons stated above, this Court should enter judgment on liability in favor of Plaintiff and against defendants Wales & Woehler, Inc, P.S. and Jason Woehler.

Dated this 8th day of February, 2018.

*/s/ Sam Leonard*
Sam Leonard, WSBA # 46498
Leonard Law
Attorney for Plaintiff
801 2nd Avenue, Suite 1410
Seattle, WA 98104
sam@seattledebtdefense.com
Phone: (206) 486-1176
Fax: (206) 458-6028

*/s/ SaraEllen Hutchison*
SaraEllen Hutchison, WSBA #36137
Law Office of SaraEllen Hutchison, PLLC
Attorney for Plaintiff
2367 Tacoma Avenue South
Tacoma, WA 98402
saraellen@saraellenhutchison.com
Phone: 206-529-5195
Fax: 253-302-8486

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANTS WALES & WOEHLER, INC., P.S. AND JASON WOEHLER (2:17-cv-00703-RSM) - 22

**Leonard Law**
1001 4th Ave, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176 F (206) 458-6028

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury under the laws of the State of Washington that on the 15th day of February, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

SaraEllen Hutchison
Email: saraellen@saraellenhutchison.com

*Attorney for Plaintiff*

Daniel L Steinberg
Email: daniel.steinberg@greenemarkley.com

Jeffrey I Hasson
Email: hasson@hassonlawllc.com

Katherine A Christofilis
Email: KChristofilis@williamskastner.com

*Attorneys for Dismissed Defendant Sacor Financial*

And emailed and U.S. Mailed the same to Defendants Jason L. Woehler and Wales & Woehler, Inc., P.S., through Attorney Woehler at:

Jason L. Woehler
15127 NE 24th St #403
Redmond, WA 98052-5544
jlwoehler@aol.com

Dated this the 15th day of February, 2018, at Seattle, Washington.

/s/ Sam Leonard
Sam Leonard (WSBA #46498)
LEONARD LAW
1001 4th Ave, Suite 3200
Seattle, WA 98154
Telephone:    206-486-1176
Facsimile:    206-458-6028
Email: sam@seattledebtdefense.com

CERTIFICATE OF SERVICE
(2:17-cv-00703-RSM) - 1

**Leonard Law**
1001 4th Ave, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176 F (206) 458-6028