IN THE U.S. DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| RUSSELL BRANDT, | NO. 2:17-cv-00703-RSM |
|---|---|
| Plaintiff, | **WALES & WOEHLER & JASON WOEHLER'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| COLUMBIA CREDIT SERVICE, INC., a Delaware Corporation, WALES & WOEHLER, INC., P.S., a Washington Corporation, JASON L. WOEHLER, WSBA Number 27658, and SACOR FINANCIAL, INC., a California Corporation, | |
| Defendant. | |

COMES NOW defendants Wales & Woehler, Inc., P.S. and Jason L. Woehler (collectively "W&W), and submit the following response to plaintiff's motion for summary judgment on liability.

**STATEMENT OF FACTS**

W&W does not dispute the overall statement of facts provided by plaintiff, except insofar as said statement of facts is incomplete, as set forth below. W&W's position is that, at all times, it complied with the requests of it's client. W&W provided

1  Sacor with the exculpatory documents provided by plaintiff to Sacor, and was advised
2  that said documents did no provide sufficient proof to Sacor that the matter had been
3  settled and paid.  See Declaration of Frank Huguenin.
4  Notably, plaintiff settled with Sacor, separate and apart from W&W, and now
5  seeks to augment its recovery by proceeding against W&W.
6  With respect to plaintiff's Second Requests for Admission, said requests were
7  not answered as none of them are denied.  Taking all of them as admitted, they do
8  not, alone, prove any liability by W&W.

## ARGUMENT AND AUTHORITY

A.  Summary Judgment Standard

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court views the facts, as well as all rational inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). The court must only consider admissible evidence. *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002).  The moving party bears the initial burden of showing the absence of any genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). There must be evidence on which a jury could reasonably find for the plaintiff and a "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Id.* at 252. Additionally, a fact

is "material" if it might affect the outcome of the suit under the governing law. Id. at 248. A material fact is "genuine" where the evidence is such that a reasonable jury could find in favor of the non-moving party. Id.

B. <u>Disputes as to Material Facts exist</u>.

There are several material facts in dispute. First and foremost, plaintiff's declaration, in paragraph 16, indicates that Mr. Brandt called and spoke with Attorney Woehler, explained that he had paid, and that Mr. Woehler called him a liar. Mr. Woehler made a policy of not speaking to debtor defendants directly. Moreover, had he done so, he would not have called the defendant a name. Said paragraph claims that he contacted Mr. Woehler "numerous times" to explain that he had settled. Beyond Mr. Brandt's assertion, there is no evidence of this and Mr. Woehler denies it.

Second, in paragraph 17 of his declaration, Mr. Brandt indicates that that he had sent W&W proof of payment prior to the supplemental proceedings, and that Mr. Woehler told him it was not properly endorsed. In reality, W&W never received any documentary evidence or offer of proof of payment prior to the supplemental proceedings. As such, Mr. Woehler would never have commented on the endorsement one way or another, as he had not seen it. Mr. Brandt may well have sent this material to Sacor, but he did not send it to W&W. See Declaration of Jason Woehler.

Third, plaintiff's motion states that W&W proceeded with garnishment of Mr. Brandt after being provided with proof of payment/settlement of the claim. See page 5, paragraph numbered 4. Plaintiff alleges W&W refused to quash the writ of garnishment. Notably, plaintiff provides no evidence that W&W had any proof of

1  payment. There was also no request made, formally or informally, for the writ to be
2  quashed. Rather, Woehler continued to follow the instructions of Sacor in the matter.
3  Sacor consistently denied that the claim had been settled. See Declaration of Jason
4  Woehler.

5  Fourth, it is notable that Sacor, in responding to Brandt's motion to vacate, still
6  refused to acknowledge that they had been provided with sufficient proof of payment.
7  See Plaintiff's Exhibit N and O. In fact, Sacor's counsel indicates in her declaration
8  that "Sacor Financial has been unable to verify any facts other than that it never
9  received the payment identified in Brandt's motion. Exhibit O at paragraph 6. This is
10 entirely contrary to the record, as Mr. Huguenin's declaration and attached e-mails
11 indicate. Sacor has disingenuously misled the superior court as to its knowledge and
12 review of plaintiff's allegations of payment.

13 Fifth, as plaintiff shows by providing Sacor's collection notes (Plaintiff's exhibit
14 V), Sacor made no notation of the materials provided to Sacor by Mr. Huguenin
15 following the supplemental proceedings on May 7, 2015. Sacor has consistently
16 denied to all parties that any settlement existed.

17 These facts are material as to W&W for two reasons. First, plaintiff is
18 attempting to tax W&W with damages that, if they exist at all, exist from Sacor's
19 refusal to either fully investigate plaintiff's claim of settlement, or to willfully ignore said
20 claim. W&W, upon receipt of Mr. Brandt's alleged settlement, immediately sent the
21 same to Sacor, who then refused to acknowledge that it was proof of settlement.
22 Following that, Sacor continued to instruct W&W to proceed with post-judgment
23 collection efforts. W&W provided plaintiff's proof of payment to Sacor (which Sacor
24

1 had apparently been provided with previously) and was told it was not sufficient proof.

2 See Declaration of Frank Huguenin. As such, W&W followed the instructions of it's

3 client, who was clearly in the best position to investigate the alleged payment.

4 Second, plaintiff's motion seems to fiat that somehow W&W is responsible for

5 the actions of Sacor. Notice that there is no declaration, transcript or any sworn

6 statement from Sacor in support of this motion. Sacor received the materials

7 provided by W&W and determined that it was insufficient proof of payment/settlement.

8 See Exhibits to declaration of Frank Huguenin. It is well settled that an attorney is

9 not automatically liable for the acts of his or her client. The Ninth Circuit has

10 recognized vicarious liability under the FDCPA. *Clark v. Capital Credit & Collection*

11 *Servs., Inc.*, 460 F.3d 1162, 1173 (9th Cir. 2006). Yet, the Ninth Circuit found that

12 "there is no legal authority for the proposition that an attorney is generally liable for

13 the actions of his client." *Id.* General principles of agency form the basis of vicarious

14 liability under the FDCPA. *Id.*

15 In the present case, W&W provided Sacor with all material given to them by

16 plaintiff. Sacor reviewed the same, according to the e-mail from Jon Tubbs, and

17 refused to accept it as proof of settlement or payment. Thereafter, Sacor instructed

18 W&W to proceed with additional collection efforts. See Declaration of Mr. Huguenin.

19 As set forth in the Declaration of Mr. Huguenin, Sacor was in the optimum

20 position as the successor in interest to Columbia Credit, to investigate these matters.

21 The continuously denied the existence of this agreement and payment, and instructed

22 W&W to proceed. As such, Sacor is driving the vehicle, not W&W, and nothing set

23 forth in plaintiff's motion establishes otherwise.

24

RESPONSE OF WALES & WOEHLER AND
JASON WOEHLER TO SUMMARY JUDGMENT
- Page 5

## CONCLUSION

W&W acted at the behest and direction of its client, Sacor Financial. The only time W&W was provided with proof of payment was following the supplemental proceedings. W&W then forwarded that material to Sacor, who denied that it constituted sufficient proof of settlement or payment. Every action taken by W&W was at the behest of Sacor. W&W relied upon Sacor to investigate the payment alleged, as W&W had no access to any method to verify the same. Sacor relentlessly asserted that there was no payment/settlement, and continued to instruct W&W to proceed with collection efforts.

DATED this 5th day of March, 2018.

*/s/Jason L. Woehler*

By:_____

Jason L. Woehler, WSBA #27658
Attorney for Defendants Wales and Woehler and Jason L. Woehler