THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

RUSSELL BRANDT,

    Plaintiff,

v.

COLUMBIA CREDIT SERVICES, INC., a Delaware Corporation, WALES & WOEHLER, INC., P.S., a Washington Corporation, JASON L. WOEHLER, WSBA Number 27658, and SACOR FINANCIAL, INC., a California Corporation

    Defendants.

Case No. 2:17-cv-00703-RSM

REPLY

Comes Now Plaintiff, Russell Brandt ("Plaintiff" or "Brandt") and replies to Defendants Wales & Woehler, Inc.. P.S. and Jason Woehler's (collectively "Woehler") Response to Plaintiff's Motion for Summary Judgment ("Response").

## I. INTRODUCTION

Woehler's Response admits all relevant material facts giving rise to Woehler's liability in this action. Woehler's few factual assertions contradict Woehler's own records and create no question of fact that would alter the outcome. Woehler is not shielded from liability by the Bona Fide Error defense, because Woehler admits his reliance on his client was not reasonable. Plaintiff is entitled to summary judgment in his favor.

REPLY
(2:17-cv-00703-RSM) - 1

**Leonard Law**
1001 4th Ave, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176 F (206) 458-6028

A. **<u>Woehler Fails to Raise a Genuine Issue of Material Fact, And None Exist.</u>**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no <u>genuine issue</u> as to any material fact and that the moving party is entitled to judgment as a matter of law." FRCP 56(c) (emphasis added); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). "Genuine factual issues are those for which the evidence is such that 'a reasonable jury could return a verdict for the non-moving party.'" *Khan v. Chertoff*, No. C08-1448 RSM, 2009 U.S. Dist. LEXIS 2752, at *5 (W.D. Wash. Jan. 6, 2009) (quoting *Anderson*, 477 U.S. at 248). Summary judgment is not precluded by mere disagreement, or a bald assertion that a genuine issue of material fact exists. *Id.* at *5.

Here, there are no reasonable disputes of material facts as to the conduct of the Woehler defendants. Woehler's response presents only bald assertions that factual disputes exist, which are insufficient to preclude summary judgment. Woehler's assertions are also directly contradicted by Woehler's own records. Finally, the alleged disputes are to immaterial facts that are not required to be proved for a ruling on liability under the Fair Debt Collection Practices Act ("FDCPA") and Washington's Consumer Protection Act ("WCPA"), especially in light of the numerous violations that occurred.

Woehler blatantly misstates facts and his Response indicates a continuing failure to review the facts of Brandt's case. Woehler states: "W&W does not dispute the overall statement of facts provided by plaintiff, except insofar as said statement of facts is incomplete, as set forth below." Response [Dkt. #26] pg. 1. Then, Woehler states that "Disputes as to Material Facts exist." Response pg. 3. The disputes Woehler asserts all concern one question, "did Woehler

REPLY
(2:17-cv-00703-RSM) - 2

**Leonard Law**
1001 4th Ave, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176 F (206) 458-6028

communicate with Brandt about the proof of payment prior to the Debt Examination (referred to as the "supplemental proceedings" by Woehler)?" *See* Response pgs. 3-4. Woehler falsely claims:

(1) "[T]here is no evidence [Woehler spoke with Brandt and called him a liar] and he denies it." *Id.* at pg. 3 Lns. 5-11.

(2) "[Woehler] never received any documentary evidence or offer of proof of payment prior to the supplemental proceedings." *Id.* at pg. 3, Lns. 14-19

(3) "[P]laintiff provides no evidence that W&W had any proof of payment. There was also no request made, formally or informally, for the writ to quashed." *Id.* at pg. 3 Ln. 23 – pg. 4, Ln. 2.

Woehler's own documents show Brandt provided proof, *directly to Woehler* on November 16, 2012, years before the 2015 Debtor Examination, showing that Brandt had settled the debt. On November 16, 2012, Russell Brandt sent to Woehler, and Woehler received, a fax containing proof that he had settled and paid the debt. *See* Leonard Decl. [Dkt. #25] ¶___, Ex. X [Dkt. #25-8]. The fax has a date and time stamp across the top with a date of "11/16/2012." *Id.* The account records Sacor produced in discovery also show that Woehler's intern Frank Huguenin ("Huguenin") sent the information in that fax to Sacor on November 21, 2012. Leonard Decl. [Dkt. #25], Ex. V [Dkt. 25-7] at SFI001032, Ln. 674-691. Brandt's fax to Woehler occurred mere days after Woehler filed and served an Application for Writ of Garnishment against Bank of America to collect on the settled debt. Leonard Decl., Ex. A [Dkt. #25-1], Ex. F [Dkt. #25-3]. The fax also indicates an impersonal tone of an ongoing conversation. *See* Leonard Decl., Ex. X [Dkt. #25-8] ("Comments: Good Morning Jason"). No reasonable juror could find that Woehler's contention that he did not speak with Brandt or receive documents from Brandt prior to 2015 is

REPLY
(2:17-cv-00703-RSM) - 3

**Leonard Law**
1001 4th Ave, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176 F (206) 458-6028

true. Woehler's unsupported declarations of fact that are directly contradicted by documentary evidence cannot preclude summary judgment.

Even if Woehler's assertions were true, which they are not, the facts Woehler disputes are not material to all of Plaintiff's claims. Woehler was collecting from Brandt on the settled debt from November 5, 2012 to July 20, 2017. Woehler only disputes that Woehler received proof of payment prior to 2015. That fact is not material to any of the FDCPA and WCPA violations occurring after the debtor examination hearing on June 30, 2015. Woehler admits that at that hearing Woehler received Brandt's proof of payment. Further, Woehler's violations of the FDCPA and WCPA are not exclusively based on Woehler's actions trying to collect on a settled debt prior to the Debtor Examination Hearing. On November 5, 2012, Woehler filed an assignment of judgment stating that Frank Huguenin, at the time Woehler's Rule 9 intern, was "of Sacor Financial," which was false. Then, after the Debtor Examination Hearing where the state court told Huguenin to investigate the matter, Woehler attempted to garnish Brandt numerous other times, and never did what the court instructed. *See* Leonard Decl. Ex. A [Dkt. 25-1].

**B. <u>Woehler Is Liable for Woehler's Actions Under Both the FDCPA and the WCPA and Cannot Blame Sacor for Woehler's Violations.</u>**

The Bona Fide Error Defense to the Fair Debt Collection Practices Act applies only to clerical errors. *Baker v. GC Services Corp.,* 677 F.2d 775, 779 (9th Cir. 1982) (quoting *Ratner v. Chemical Bank New York Trust Co.,* 329 F. Supp. 270, 281 (S.D.N.Y. 1971). *See also*, *Edwards v. McCormick*, 136 F. Supp. 2d 795 (S.D. Ohio 2001). The Bona Fide Error defense does not apply to **errors of law**. *Baker, supra*; *Marchant v. U.S. Collections West, Inc.,* 12 F. Supp. 2d 1001 (D. Ariz. 1998). In order to sustain this defense, the debt collector must affirmatively

**Leonard Law**
1001 4th Ave, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176 F (206) 458-6028

demonstrate "the maintenance of procedures reasonably adopted to avoid any such error." *Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507 (9th Cir. 1994). It does not protect a debt collector if its very policies and procedures violate the Act. *Newman v. CheckRite California, Inc.*, 912 F. Supp. 1354 (E.D. Cal. 1995). The "bona fide error" defense does not apply to debt collectors that **unreasonably** rely on their client's representations. *Reichert v. National Credit Systems, Inc.*, 531 F.3d 1002, 1005-06 (9th Cir. 2008). Blindly relying on the creditor's assertions, even after the consumer has provided absolute proof to the contrary, is not maintenance of procedures reasonably adopted to avoid the error, and it will not prevent liability for violations of 15 U.S.C. § 1692e or 15 U.S.C. § 1692f.

Here, because the material facts are not in dispute, the only way Woehler can escape liability for his actions is if Woehler is not legally liable *under these facts*. Woehler cannot mount a plausible defense to Plaintiff's FDCPA, WCAA and WCPA claims, so Woehler attempts to divert these issues by blaming Sacor, *e.g.* "[P]laintiff is attempting to tax W&W with the damages that, if they exist at all, exist from Sacor's refusal to either fully investigate plaintiff's claim, or to willfully ignore said claim"; "It is well settled that an attorney is not automatically liable for the acts of his or her client." Response pg. 4, Lns. 17-20; *and* Response pg. 5, Lns. 8-9.

Woehler offers no reasonable dispute of material fact regarding *Woehler's* actions that created Woehler's liability and damaged Brandt. Woehler's argument is akin to "my client made me do it" or "it is not my fault," which do not constitute a Bona Fide Error. Woehler admits he is a debt collector subject to the FDCPA. Leonard Decl. Ex. Z, ¶2.14 [Dkt. 25-8] (Woehler Answer). Woehler admits that Woehler's reliance on Sacor was not reasonable:

> I am a collection attorney primarily. I have, in my 20 or so years of practice, always *avoided representing debt buyers*, as their claims tend to be *lacking in supporting documentation and are generally fraught with issues*. Sacor is a debt buyer.

REPLY  
(2:17-cv-00703-RSM) - 5

**Leonard Law**  
1001 4th Ave, Suite 3200  
Seattle, WA 98154  
Ph (206) 486-1176 F (206) 458-6028

> ….
> I was always sensitive to the fact that [the Sacor accounts] were purchased claims. As such, *they demanded higher scrutiny* where issues arose, such as here.

Declaration of Jason L. Woehler ("Woehler Decl.") [Dkt. #2] pg. 2, Lns. 7-10, *and* pg. 2 ln. 22 – pg. 3 ln. 1.

Woehler cites *Clark v. Capital Credit & Collections Servs.,* 460 F.3d 1162, 1174 (9th Cir. 2006) for the authority that Woehler can avoid liability because Woehler was allegedly following orders from Woehler's client. *Clark* does not help Woehler, because it does not provide blanket protection for a debt collector who unreasonably followed a client's orders – especially the type of client that is "generally fraught with issues." (Decl. of Jason Woehler, *supra.*) *Clark* says, "the bona fide error defense will not shield a debt collector whose reliance on the creditor's representation is unreasonable." *Id.* at 1177. *Clark* also reiterates that § 1692e of the FDCPA is a strict liability remedial statute that must be liberally construed to protect consumers. *Id. at* 1176-77.

The portion of *Clark* that Woehler cites for the authority that Woehler may avoid § 1692e and § 1692f strict liability by alleging a lack of intent and reasonable reliance on the creditor *only* applied to § 1692g of the statute. *See Clark*, 460 F.3d at 1174. Section 1692g concerns the early phases of the collection process and the disclosure of the consumer's rights. During this initial "g notice" stage, the only information the debt collector has in its possession is generally limited to the information provided by the original creditor. *Clark* states, "[w]*ithin reasonable limits*, [the debt collectors] were entitled to rely on their client's statements to *verify the debt*. *Id.* at 1174 (emphasis added). Very notably, the Clark court overturned the portion of the district court ruling of summary judgment dismissing the §1692e violation, indicating what is reasonable reliance at the "g notice" stage is not necessary reasonable after verification. *Id.* at 1178.

REPLY
(2:17-cv-00703-RSM) - 6

**Leonard Law**
1001 4th Ave, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176 F (206) 458-6028

Debt collection attorneys are not insulated from liability for unfair collection practices when they violate their own policies in blind reliance on their client's assertions. *See McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939 (9th Cir. 2011) (upholding a trial court ruling that collection attorneys violated the FDCPA by filing a lawsuit outside the statute of limitations despite its client's, a debt buyer, assurance that the debt was within the statute of limitations); *see also Clark*, 460 F.3d at 1177 (holding that the collection attorney may be liable for a 1692e violation if his reliance on his client was not reasonable). Intent is not an element of establishing *liability* under § 1692e. *See*, *Clark*, 460 F.3d at 1176 ("intent is only relevant to the determination of damages"); *see also Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d at 1238, 1239 (5th Cir. 1997) (holding "the fact that violations were innocuous and not abusive may be considered only in mitigating liability, and not as defenses.")

Woehler specifically states in his declaration that he does not represent debt buyers, like Sacor, because "their claims tend to be lacking in supporting documentation and are generally fraught with issues." Woehler Decl. [Dkt. 26-2] at 2. Brandt presented Woehler with evidence that two King County Superior Court judges found to be compelling evidence that the debt had been settled. There is no definition of "reasonable" that includes Woehler's reliance on Sacor under these facts. *Clark* did not alter a debt collector's duty to affirmatively prove a Bona Fide Error in order to avoid liability for misrepresenting a debt to a consumer, or wrongful garnishment. No reasonable fact finder could find Woehler can meet his affirmative burden here.

Even if Woehler was correct that the failure to determine that Brandt had already paid the debt was solely Sacor's, that would not absolve Woehler of liability resulting from Woehler's direct interactions with Brandt and his failure to follow the King County Court's directive that Huguenin figure it out.

REPLY
(2:17-cv-00703-RSM) - 7

**Leonard Law**
1001 4th Ave, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176 F (206) 458-6028

For the reasons stated above, this Court should enter judgment on liability in favor of Plaintiff and against defendants Wales & Woehler, Inc, P.S. and Jason Woehler.

Dated this 9th day of March, 2018.

*/s/ Sam Leonard*
Sam Leonard, WSBA # 46498
Leonard Law
Attorney for Plaintiff
1001 4th Ave, Suite 3200
Seattle, WA 98154
sam@seattledebtdefense.com
Phone: (206) 486-1176
Fax: (206) 458-6028

*/s/ SaraEllen Hutchison*
SaraEllen Hutchison, WSBA #36137
Law Office of SaraEllen Hutchison, PLLC
Attorney for Plaintiff
2367 Tacoma Avenue South
Tacoma, WA 98402
saraellen@saraellenhutchison.com
Phone: 206-529-5195
Fax: 253-302-8486

REPLY
(2:17-cv-00703-RSM) - 8

**Leonard Law**
1001 4th Ave, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176 F (206) 458-6028