Hon. Ricardo Martinez
Trial Date: June 11, 2018

# IN THE U.S. DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON

### AT SEATTLE

| | |
|---|---|
| RUSSELL BRANDT,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>COLUMBIA CREDIT SERVICE, INC., a Delaware Corporation, WALES & WOEHLER, INC., P.S., a Washington Corporation, JASON L. WOEHLER, WSBA Number 27658, and SACOR FINANCIAL, INC., a California Corporation,<br><br>　　　　　　　　　　Defendant. | NO.  2:17-cv-00703-RSM<br><br>**DEFENDANT'S TRIAL BRIEF** |

COMES NOW defendants Wales & Woehler, Inc., P.S. and Jason L. Woehler (collectively "Woehler"), and submit the following trial brief.

**STATEMENT OF FACTS**

The Court is familiar with the facts as set forth in the parties' prior summary judgment motion pleadings.  The sole issue for trial is the extent, if any, of plaintiff's damages.  Pursuant to the Court's order, the Court will decide the statutory damages in the case while the jury will decide the remaining damages.

DEFENDANTS' TRIAL BRIEF - Page 1

## ARGUMENT AND AUTHORITY

### I. OFFSET OR REDUCTION IN RECOVERY

**A.     No double recovery on CPA, but defendant's burden to prove.**

It is a basic principle of damages that there shall be no double recovery for the same injury. *Eagle Point Condo. Owners Ass'n v. Coy*, 102 Wn. App. 697, 702, 9 P.3d 898, 902 (2000). Prior to trial, a party can move to amend his answer to add offset, so long as the plaintiff is not prejudiced. *Aecon Bldgs., Inc. v. Zurich N. Am.*, No. C07-832MJP, 2008 WL 4144421, at *3 (W.D. Wash. Aug. 29, 2008).

Where a plaintiff has obtained a judgment against a nonsettling defendant but has already recovered proceeds for the same damages from settling defendants, the defendant may be entitled to seek an offset. *See Weyerhaeuser Co. v. Commercial Union Ins. Co.*, 142 Wn.2d 654, 674–75, 15 P.3d 115 (2000); *Pederson's Fryer Farms, Inc. v. Transamerica Ins. Co.*, 83 Wash.App. 432, 451–52, 922 P.2d 126 (1996). However, where a nonsettling defendant claims a right to offset its responsibility to pay monetary damages because the plaintiff received proceeds from settling defendants, the nonsettling defendant "has the burden of establishing what part of the settlement was attributable to the claim it seeks to offset." *Puget Sound Energy, Inc. v. Alba Gen. Ins. Co.*, 149 Wn.2d 135, 141, 68 P.3d 1061 (2003). Thus, the nonsettling defendant bears the burden of proving double recovery. Were it otherwise, "'such a rule would encourage litigation and reward the nonsettling [party] for refusing to settle.'" *Puget Sound Energy*, 149 Wn.2d at 141, 68 P.3d 1061 (quoting *Weyerhaeuser*, 142 Wn.2d at 674, 15 P.3d 115). Where the settlement did not constitute payment for only the plaintiff's

DEFENDANTS' TRIAL BRIEF - Page 2

damages for which the judgment was obtained, the defendant must prove what portion of the settlement should be offset. Woehler should be entitled to examine the allocation of settlement funds so as to determine what portion of said funds were applied to damages and what portion to attorney's fees (assuming counsel for plaintiff has segregated attorney's fees prior to settlement). *V & E Med. Imaging Servs., Inc. v. Birgh*, 158 Wash. App. 1027 (2010) (unpublished). In the present case, there is no prejudice to the plaintiff as they are fully aware and agreed to the settlement with Sacor Financial.

### B. There is disagreement in cases regarding whether a double recovery is permitted in FDCPA cases.

The "one satisfaction rule" offers us the best starting point for resolving the issue at hand. Even though this rule is traditionally employed in cases involving joint tortfeasors, its equitable considerations operate equally well in the strict liability arena. As noted, this equitable doctrine operates to reduce a plaintiff's recovery from the nonsettling defendant to prevent the plaintiff from recovering twice from the same assessment of liability. *See Krieser v. Hobbs*, 166 F.3d 736, 743 (5th Cir. 1999); *see also Marcus, Stowell & Beye Government Securities, Inc. v. Jefferson Investment Corp.*, 797 F.2d 227, 233 (5th Cir.1986) ("[t]he one satisfaction rule is based on the notion that allowing a double recovery is ordinarily against legal policy"); Restatement (Second) of Torts § 885(3) (1979).

The essential requirement for the "one satisfaction rule" is that the amounts recovered by settlement and the judgment must represent common damages arising from a single, indivisible harm. *See Howard v. General Cable Corp.*, 674 F.2d 351, 358 (5th Cir.1982); *see also Harris v. Union Elec. Co.*, 846 F.2d 482, 485 (8th Cir.1988) (characterizing the "one judgment rule" as entitling

DEFENDANTS' TRIAL BRIEF - Page 3

the plaintiff to one satisfaction for each injury). *Chisholm v. UHP Projects, Inc.*, 205 F.3d 731, 737 (4th Cir. 2000). Here, Sacor's direction to Woehler to proceed with collection efforts is one and the same harm to plaintiffs, as Woehler was the agent of Sacor.

Plaintiff is impermissibly seeking a double recovery for the alleged FDCPA violation. "It is a well-settled equitable principle that the injured party is entitled to be made whole but not allowed a double recovery." *Weitz Co. v. Lexington Ins. Co.*, 786 F.3d 641, 648 (8th Cir.2015) (internal quotations omitted). Title 15 U.S.C. § 1692k(a) delineates the amount of damages allowed in a successful FDCPA action, including any actual damages sustained as a result of the underlying violation, an additional amount not to exceed $1,000, and the plaintiff's costs and reasonable attorney's fees. It is undisputed that Plaintiff has resolved her claims against Sacore only. The substance of that resolution, however, is unknown. Plaintiff sought summary judgment on the question of liability only. The question of double recovery remains to be answered when the issue of damages is addressed. *Chapman v. J & M Sec.*, 2015 WL 5785952, at *3 (E.D. Mo. Oct. 1, 2015).

Under the one satisfaction rule, a plaintiff is entitled to only one recovery for any damages suffered. This rule applies when multiple defendants commit the same act as well as when defendants commit technically different acts that result in a single injury. The rationale for this doctrine is that the plaintiff should not receive a windfall by recovering an amount in court that covers the plaintiff's entire damages, but to which a settling defendant has already partially

DEFENDANTS' TRIAL BRIEF - Page 4

contributed. A defendant seeking a settlement credit has the burden to prove its right to such a credit. Under the common law, the record must show, in the settlement agreement or otherwise, the settlement credit amount. Once the nonsettling defendant demonstrates a right to a settlement credit, the burden shifts to the plaintiff to show that certain amounts should not be credited because of the settlement agreement's allocation of damages. *Alanis v. US Bank Nat'l Ass'n*, 489 S.W.3d 485, 509 (Tex. App. 2015) (citations and quotation marks omitted) (Texas State case re FDCPA).

In the present case, plaintiff's counsel advised the defendant of the settlement with Sacor in the amount of $30,000.00, via e-mail. Hence, the defendants have already received $30,000.00 in damages and Woehler is entitled to an offset.

### C. $1000 per action, not per defendant.

"Courts have ruled that statutory damages under the FDCPA are limited to $1,000 per lawsuit, rather than $1,000 per violation of the act." *Irvine v. I.C. Sys., Inc.*, 198 F. Supp. 3d 1232, 1238 (D. Colo. 2016) (citing *Harper v. Better Bus. Servs., Inc.*, 961 F.2d 1561, 1563 (11th Cir.1992); *Wright v. Finance Serv. of Norwalk, Inc.*, 22 F.3d 647, 651 (6th Cir.1994)). *See also Semper v. JBC Legal Grp.*, No. C04-2240L, 2005 WL 2172377, at *5 (W.D. Wash. Sept. 6, 2005) (citing *Barber v. Nat'l Revenue Corp.*, 932 F.Supp. 1153, 1155 (W.D.Wis.1996); *Wright v. Fin. Serv. of Norwalk*, 22 F.3d 647, 650-51 (6th Cir.1994)). Some courts have also held that statutory damages are capped at $1,000, even in cases involving more than one defendant. *See Green v. Monarch Recovery Mgmt.*, 2013 WL 5203809, at *2 (S.D.Ind. Sept. 16, 2013) ("the maximum

statutory damages for this suit is $1,000 total, not per defendant"); *Martinez v. Scott*, 2011 WL 3566970, at *5 (S.D.Tex. Aug. 12, 2011) ("While individual plaintiffs can each recover $1,000 in statutory damages for FDCPA violations, they cannot recover this amount from each defendant."); *Morgan v. Acct. Collection Tech., LLC*, 2006 WL 2597865, at *3 (S.D.N.Y. Sept. 6, 2006) (holding that "[S]ection 1692k(a)(2)(A) creates a ceiling that limits the damages an individual plaintiff can receive per proceeding, not per defendant"); *Evanauskas v. Strumpf*, 2001 WL 777477, at *6 n. 6 (D.Conn. June 27, 2001) (rejecting plaintiff's argument that "the court should award ... a single plaintiff separate statutory damage awards from multiple defendants" and finding that "statutory damages are limited to $1,000 per action").  To not credit Woehler with an offset of $30,000.00 would be to permit a double recovery by plaintiff.

**CONCLUSION**

Woehler is entitled to a set-off for the amounts already recovered by plaintiffs from Sacor, for damages and for any duplicative attorney's fees.  Additionally, plaintiff should be limited to one statutory award of a maximum of $1,000.00, together with plaintiff's provable, actual damages.

DATED this 6th day of June, 2018.

/s/Jason L. Woehler

By:_____

Jason L. Woehler, WSBA #27658
Attorney for Defendants Wales and Woehler and Jason L. Woehler