THE HONORABLE RICARDO S. MARTINEZ

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| RUSSELL BRANDT,<br>　　　　　　Plaintiff,<br>　v.<br>COLUMBIA CREDIT SERVICES, INC., a Delaware Corporation, WALES & WOEHLER, INC., P.S., a Washington Corporation, JASON L. WOEHLER, WSBA Number 27658, and SACOR FINANCIAL, INC., a California Corporation,<br>　　　　　　Defendants. | Case No. 2:17-cv-00703-RSM<br><br>RESPONSE TO ORDER TO SHOW CAUSE |

## I.　INTRODUCTION

On June 8, 2018, Defendant Jason Woehler ("Woehler" or "Debtor") filed for Chapter 13 bankruptcy in the Western District of Washington invoking the automatic stay of 11 U.S.C. §362(a) as to all claims against him. *See* Dkt. #40; *In re Woehler*, Case No. 18-12299-CMA, Dkt. #1. Woehler listed Wales & Woehler ("WW") and Plaintiff among his creditors in his petition. *Id.* at p. 9. WW was administratively dissolved by the Washington Secretary of State on November 2, 2015. *See* **Exhibit A**. On June 11, 2018, this Court ordered the parties to show cause why this matter should not be stayed. *See* Dkt. #39. Although the automatic stay is only as to Woehler and not WW, proceeding against one defendant at a time would be resource-intensive and incohesive for the parties and the Court. Plaintiff will seek relief from the stay from the

RESPONSE TO ORDER TO SHOW CAUSE
(2:17-cv-00703-RSM) - 1

LAW OFFICE OF SARAELLEN HUTCHISON, PLLC
2367 TACOMA AVENUE SOUTH | TACOMA, WA 98402
PH (206) 529-5195 | FAX (253) 302-8486

**Leonard Law**
1001 4TH AVE, SUITE 3200, Seattle, WA 98154
Ph (206) 486-1176 F (206) 458-6028

bankruptcy court as soon as possible. Plaintiff requests the Court stay this matter until the bankruptcy court rules on Plaintiff's forthcoming Motion for Relief From Stay.

## II.   BACKGROUND

This case concerns Defendants' attempts to collect a consumer debt from Plaintiff that he had already settled and paid. *See* Dkt. #29 at 1-6. Defendants Woehler and WW are the only remaining defendants in this case. *See* Dkt. #22. In 2006, Plaintiff paid the debt buyer Columbia Credit Services, Inc. ("CCS"), no longer a party to this action, an agreed amount to settle a judgment that he was previously unaware of. *See* Dkt. #29. at 1-2. CCS occasionally sent Plaintiff collection letters but took no other collection action. *See Id.* at 2; *and e.g.* Dkt. #24 at ¶¶ 9, 11, and 13; Dkt. #24-1 at 7–15.

In 2012, Sacor Financial, Inc. ("Sacor"), no longer a party to this action, hired Woehler and WW to collect the CCS judgment. *See* Dkt. #29 at 2. Over the next four years, Woehler and WW garnished Plaintiff's bank accounts on three separate occasions, and haled Plaintiff into court on supplemental proceedings. *See Id.* at 2-7. Woehler did this despite Plaintiff's repeated communications to Woehler and WW's associate, Frank Huguenin, that Plaintiff had paid the debt. *See Id.* at 2-6.

Defendants refused to vacate or satisfy the state court judgment. *Id.* Not until March 24, 2017, was the state court judgment vacated, following a show cause hearing resulting from a motion to vacate brought by Brandt. *See Id.* at 5. By that time Woehler and WW no longer represented Sacor.

The post-debt settlement illegal garnishments and supplemental proceedings were the acts of Woehler while working at WW. *See* Dkt. No. #29 at 2.  On February 15, 2018, Plaintiff moved for summary judgment on the issue of liability against both Woehler and WW under the Fair Debt Collection Practices Act and Washington's Consumer Protection Act. Dkt. #23. On April. 12,

RESPONSE TO ORDER TO SHOW CAUSE
(2:17-cv-00703-RSM) - 2

LAW OFFICE OF SARAELLEN HUTCHISON, PLLC
2367 TACOMA AVENUE SOUTH | TACOMA, WA 98402
PH (206) 529-5195 | FAX (253) 302-8486

**Leonard Law**
1001 4ᵀᴴ AVE, SUITE 3200, Seattle, WA 98154
Ph (206) 486-1176 F (206) 458-6028

2018, the Court granted Plaintiff's motion for summary judgment as to liability against both Woehler individually and WW the entity. Dkt. #29. The only issues remaining in the action are the amount of Plaintiff's damages and the appropriate injunctive relief. Because Woehler and WW were already found liable under the FDCPA and CPA, Plaintiff is also entitled to his attorneys' fees and costs, which the Court will review for reasonableness after the trial on damages. Dkt. #33. Trial was to be held Monday, June 11, 2018. Dkt. #39. On the Friday afternoon before trial, Defendant Jason Woehler filed for Chapter 13 bankruptcy. *Id*.

### III.   ISSUE

Should this entire matter be stayed in the interest of judicial economy until Plaintiff obtains relief from the stay in Bankruptcy Court? **_Yes._**

### IV.   ARGUMENT

**A.   This Court Has Authority to Stay Proceedings Against a Non-Debtor Defendant in the Interest of Judicial Economy.**

"[A]s a general rule the automatic stay of [11 U.S.C.] § 362(a) protect[s] only the debtor, property of the debtor, or property of the estate." *Chugach Timber Corp. v. N. Stevedoring & Handling Corp. (In re Chugach Forest Prods.),* 23 F.3d 241, 246 (9th Cir. 1994). However, in the interest of judicial economy, a trial court has the authority to enter a stay against non-debtors:

> "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court….In such cases the court may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it…. it is appropriate for the district court, if it does make express findings that a just and efficient determination of the case will be promoted by a stay, to consider conditioning any stay upon receipt of satisfactory assurances that the [independent proceeding] is proceeding with diligence and efficiency. A stay should not be granted unless it appears likely the

RESPONSE TO ORDER TO SHOW CAUSE
(2:17-cv-00703-RSM) - 3

LAW OFFICE OF SARAELLEN HUTCHISON, PLLC
2367 TACOMA AVENUE SOUTH | TACOMA, WA 98402
PH (206) 529-5195 | FAX (253) 302-8486

**Leonard Law**
1001 4TH AVE, SUITE 3200, Seattle, WA 98154
Ph (206) 486-1176 F (206) 458-6028

other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court."

*Leyva v. Certified Grocers of California, Ltd.,* 593 F. 2d 857, 863-864 (9th Cir.1979) (citations omitted).

"The decision whether to grant or deny stay relief is within the broad discretion of the bankruptcy court." *In re Plumberex Specialty Products, Inc.,* 311 B.R. 551, 558 (Bankr. C.D. Cal. 2004) (*citing In re Santa Clara County Fair Association,* 180 B.R. 564, 566 (9th Cir. BAP 1995). "Creditors may obtain relief from stay if their interests would be harmed by continuance of the stay." *In re Kronemyer,* 405 B.R. 915, 921 (9th Cir. BAP 2009). On a motion for relief from stay, the bankruptcy court considers, among other factors, whether the non-bankruptcy suit involves multiple parties or is ready for trial. *Plumberex*, 311 B.R. at 556 (citing *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166) (9th Cir. 1990).

Here, this Court should exercise its authority to enter a stay of this entire matter pending an order in Woehler's bankruptcy case granting Plaintiff relief from the automatic stay. Plaintiff is moving for this relief as soon as possible so that the trial in this case may be rescheduled in the very near future. Plaintiff will notify the Court as soon as possible of the outcome of Plaintiff's efforts.

Multiple factors suggest that Plaintiff's motion for relief from the stay will be granted and that a stay of this case will not need to be lengthy. These include: the timing of Woehler's Ch. 13 filing on the eve of trial, the existence of multiple defendants (the Debtor and the business entity), and harm to Plaintiff's interests, in that he already has a judgment on liability, and is ready for trial to determine his damages. If the case must proceed against WW alone, however, it will be resource-intensive for the Court and all parties to engage in duplicative litigation, and risk incohesive or inconsistent results in potentially two different forums.

RESPONSE TO ORDER TO SHOW CAUSE (2:17-cv-00703-RSM) - 4

LAW OFFICE OF SARAELLEN HUTCHISON, PLLC
2367 TACOMA AVENUE SOUTH | TACOMA, WA 98402
PH (206) 529-5195 | FAX (253) 302-8486

**Leonard Law**
1001 4TH AVE, SUITE 3200, Seattle, WA 98154
Ph (206) 486-1176 F (206) 458-6028

V.  CONCLUSION

For the foregoing reasons, this Court should stay this entire matter pending the outcome of Plaintiff's forthcoming motion for relief from the automatic stay in *In re Woehler*, Case No. 18-12299-CMA.

Dated this 12th day of June, 2018.

S//SaraEllen Hutchison
SARAELLEN HUTCHISON (WSBA #36137)
Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South
Tacoma, WA 98402
Telephone: (206) 529-5195
Facsimile: (253) 302-8486
Email: saraellen@saraellenhutchison.com

S//Samuel Leonard
SAMUEL LEONARD (WSBA #46498)
Leonard Law
1001 4th Ave. #3200
Seattle, WA 98154
Ph. 206.486.1176
Fx. 206.458.6028
sam@seattledebtdefense.com

*Attorneys for Plaintiff*

RESPONSE TO ORDER TO SHOW CAUSE
(2:17-cv-00703-RSM) - 5

LAW OFFICE OF SARAELLEN HUTCHISON, PLLC
2367 TACOMA AVENUE SOUTH | TACOMA, WA 98402
PH (206) 529-5195 | FAX (253) 302-8486

**Leonard Law**
1001 4TH AVE, SUITE 3200, Seattle, WA 98154
Ph (206) 486-1176 F (206) 458-6028

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2018, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.

A copy was also emailed to James Dickmeyer, Jason Woehler's bankruptcy counsel, at jim@jdlaw.net.

Dated this 12th day of June, 2018 at Tacoma, Washington.

S//SaraEllen Hutchison
SARAELLEN HUTCHISON (WSBA #36137)

RESPONSE TO ORDER TO SHOW CAUSE
(2:17-cv-00703-RSM) - 6

LAW OFFICE OF SARAELLEN HUTCHISON, PLLC
2367 TACOMA AVENUE SOUTH | TACOMA, WA 98402
PH (206) 529-5195 | FAX (253) 302-8486

**Leonard Law**
1001 4TH AVE, SUITE 3200, Seattle, WA 98154
Ph (206) 486-1176 F (206) 458-6028