UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RUSSELL BRANDT,

    Plaintiff,

v.

WALES & WOEHLER, INC., P.S., a Washington Corporation, JASON L. WOEHLER, WSBA Number 27658,

    Defendants.

Case No. 17-703RSM

**FINAL JURY INSTRUCTIONS**

DATED: Sept. 17, 2018

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

## INSTRUCTION NO. 1:
### Duty of Jury

Members of the Jury:

Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case. Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

# INSTRUCTION NO. 2
## Claims and Defenses

As I did at the start of the case, I will first give you a summary of each side's contentions in this case. I will then provide you with detailed instructions on what each side must prove to win on each of its contentions.

Plaintiff assert damages for:

1. violation of the Fair Debt Collection Practices Act, FDCPA;

2. violation of Washington's Consumer Protection Act, CPA.

The Plaintiff has the burden of proving these claims.

The Defendants deny that some or all of these damages are available.

# INSTRUCTION NO. 3
## Burden of Proof

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

# INSTRUCTION NO. 4
## What is Evidence

The evidence you are to consider in deciding what the facts are consists of:

1) the sworn testimony of any witness;

2) the exhibits which are received into evidence;

3) any facts to which the lawyers have agreed; and

4) any facts that I may instruct you to accept as proved.

# INSTRUCTION NO. 5
## What is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

# INSTRUCTION NO. 6
## Direct and Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

# INSTRUCTION NO. 7
## Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1) the opportunity and ability of the witness to see or hear or know the things testified to;
2) the witness's memory;
3) the witness's manner while testifying;
4) the witness's interest in the outcome of the case, if any;
5) the witness's bias or prejudice, if any;
6) whether other evidence contradicted the witness's testimony;
7) the reasonableness of the witness's testimony in light of all the evidence; and
8) any other factors that bear on believability.

Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

# INSTRUCTION NO. 8
## Use of Requests for Admission

Evidence was presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

# INSTRUCTION NO. 9
## The Fair Debt Collection Practices Act

The Fair Debt Collection Practices Act is a federal law enacted to protect against unfair and abusive debt collection. Defendants have already been found liable for violating the FDCPA by engaging in unfair and deceptive collection methods and seeking to collect amounts not legally due. You must now consider the amount of Plaintiff's actual damages proximately caused by Defendants' violations of the FDCPA.

Actual damages include non-economic damages. These are damages for personal humiliation, embarrassment, mental and emotional suffering, and emotional distress. Mental and emotional suffering and distress pass under various names such as mental anguish, nervous shock and the like. These damages include various unpleasant mental reactions such as fright, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry and nausea. The law does not set a definite standard by which to calculate compensation for mental and emotional suffering and distress. Neither is there any requirement that any witness express an opinion about the amount of compensation that is appropriate for the kind of law. The law requires that when making an award for mental and emotional suffering and distress you should exercise calm and reasonable judgment. The compensation must be just and reasonable.

Actual damages under the FDCPA also include economic damages. Economic damages are out-of-pocket monetary losses, including loss of earnings, loss of use of property, and loss of employment opportunities.

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guess or conjecture.

# INSTRUCTION NO. 10
## Washington State Consumer Protection Act

The Washington State Consumer Protection Act, RCW § 19.86, the "CPA," is Washington State's principal consumer protection statute. The heart of the CPA is RCW 19.86.020, which states: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

The Court has already ruled that Defendants are liable for violating the CPA, and that Plaintiff was injured in his business or property by Defendants. You must determine the amount of money that will reasonably and fairly compensate the Plaintiff for such economic damages as you find were proximately caused by the Defendants' CPA violations.

Under the CPA, Injuries to business or property do not include pain and suffering. Injuries to business or property do include: loss of professional business reputation, loss of goodwill, difficulty in securing a loan or other credit, time away from work, inability to tend to business establishment, financial loss, travel expenses, and out-of-pocket expenses, even if expenses or losses caused by the violation are minimal.

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

# INSTRUCTION NO. 11
## Duty to Deliberate

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

# INSTRUCTION NO. 12
## Communications with the Court

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Do not search, visit, view, or attempt to view either of the parties' websites.

Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

# INSTRUCTION NO. 13
## Communications with the Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone – including the court – how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

# INSTRUCTION NO. 14
## Return of Verdict

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.