UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RUSSELL BRANDT,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>COLUMBIA CREDIT SERVICES, INC., a Delaware Corporation, WALES & WOEHLER, INC., P.S., a Washington Corporation, JASON L. WOEHLER, WSBA Number 27658, and SACOR FINANCIAL, INC., a California Corporation,<br><br>　　　　　Defendants. | Case No. C17-703RSM<br><br>ORDER RE: STATUTORY DAMAGES AND INJUNCTIVE RELIEF |

　　　Wales & Woehler, Inc., P.S., and Jason Woehler are the only remaining Defendants in this matter. Their liability was determined by summary judgment on April 12, 2018. Dkt. #29. A jury trial was held on September 17, 2018, as to actual damages. Dkt. #49. The Court then heard argument as to statutory damages. Dkt. #50. The issues of law were: 1) the amount of Fair Debt Collection Practice Act ("FDCPA") statutory damages to be awarded between $1 and $1,000 pursuant to 15 U.S.C. 1692k; 2) whether Plaintiff's actual damages to business or property should be trebled up to $25,000 pursuant to RCW 19.86.090; 3) injunctive relief pursuant to RCW 19.86.090. The Court's rulings on these are below. Plaintiff Brandt's request for attorneys' fees remains to be decided by separate motion.

ORDER RE: STATUTORY DAMAGES AND INJUNCTIVE RELIEF - 1

The background facts have already been stated in the Court's prior Order on Summary Judgment, Dkt. #29, and are incorporated here by reference. The jury heard testimony and argument as to actual damages and were asked three questions on the verdict form. As to the question of "what sum of money will reasonably and fairly compensate Plaintiff for his injury to business or property caused by Defendants' violation of the Consumer Protection Act," the jury answered "$10,050.00." Dkt. #53. As to the question of "what sum of money will fairly compensate Plaintiff for <u>economic</u> damages caused by Defendant's violation of the Fair Debt Collection Practice Act" not to include damages already included above, the jury answered "$1,702.00." *Id*. (emphasis in original). As to the final question of "what sum of money will reasonably and fairly compensate Plaintiff for his <u>non-economic</u> damages caused by Defendants' violation of the Fair Debt Collection Practice Act," the jury answered "$150,000.00." *Id*. (emphasis in original).

Outside the presence of the jury, the Court heard testimony from Defendant Jason Woehler and reviewed exhibits related to his Court filings in this and other cases. Plaintiff Brandt argued for the maximum statutory damages of $1,000 under the FDCPA, as well as trebling his damages to business or property up to $25,000 pursuant to RCW 19.86.090. Mr. Brandt argued that there was a high likelihood Mr. Woehler would repeat violations of these laws against other debtors due to his high volume of cases and a lack of care in reviewing documents. Further, Mr. Brandt presented evidence that Mr. Woehler repeatedly submitted false declarations and other filings in Court, essentially cutting corners in his cases, and that this demonstrated willful and malicious conduct. Mr. Brandt also requested injunctive relief as set forth in his trial brief. *See* Dkt. #36 at 5.

In Response, Defendant Woehler argued there were extraordinary circumstances in this case, specifically that an employee for a debt collection company stole the money that was to

ORDER RE: STATUTORY DAMAGES AND INJUNCTIVE RELIEF - 2

be paid to settle Mr. Brandt's debt. Mr. Woehler also argued that he would not represent debt buyer companies ever again and that he was generally thorough in his practice. He expressed regret at what happened to Mr. Brandt, however he stopped short of accepting personal responsibility. Mr. Woehler denied that he submitted false declarations in court. He indicated that he was not opposed to the requested injunctive relief of never again contacting Mr. Brandt.

RCW 19.86.090 states that, in addition to actual damages, "the court may, in its discretion, increase the award of damages up to an amount not to exceed three times the actual damages sustained: PROVIDED, That such increased damage award… may not exceed twenty-five thousand dollars…" These treble damages are "designed to punish the defendant and deter further violations." *Keyes v. Bollinger*, 31 Wn. App. 286, 640 P.2d 1077, 1084 n.2 (1982). In determining the amount of statutory damages up to $1,000.00 under the FDCPA, the Court must consider: "(1) the frequency and persistence of noncompliance by the debt collector; (2) the nature of such noncompliance; and (3) the extent to which such noncompliance was intentional." *Lombardi v. Columbia Recovery Grp.*, LLC, No. C12-1250 RSM, 2013 U.S. Dist. LEXIS 146375, at *12 (W.D. Wash. Oct. 9, 2013) (citing 15 U.S.C. § 1692k(b)(1)).

The Court finds that the facts of this case, presented at summary judgment and before the Court, clearly call for additional statutory damages. Mr. Woehler has demonstrated a disturbing lack of responsibility for his actions as an attorney representing debt collectors. Further mistakes by Mr. Woehler are likely and could lead to significant harm to debtors—all it would take is another unscrupulous employee, or even a record-keeping error. The system demands that Mr. Woehler review the underlying facts of his cases thoroughly before taking action in Court. His repeated unwillingness or inability to consider Mr. Brandt's evidence of paying off the debt is troublesome, and calls for the modest additional punishment available

ORDER RE: STATUTORY DAMAGES AND INJUNCTIVE RELIEF - 3

under the above statutes. The Court, in its discretion, will award an additional $1,000 under the FDCPA and treble Mr. Brandt's damages under the CPA, up to an additional $25,000.

Finally, the Court has considered Mr. Brandt's requests for injunctive relief. The CPA provides for injunctive relief for a consumer who is the victim of an unfair or deceptive act. RCW 19.86.090; *Scott v. Cingular Wireless*, 160 Wn.2d 843, 161 P.3d 1000 (2007). Mr. Brandt's request for an injunction preventing the Woehler Defendants from ever again contacting him for any reason whatsoever was not opposed and will be granted. The remaining requested injunctions appear to bind non-parties to this case, or are otherwise too broad given the limited facts of this case. Certain requested injunctions appear to merely enjoin Defendants to follow existing applicable laws, which the Court finds unnecessary.

Having reviewed the relevant argument and testimony, and the remainder of the record, the Court hereby finds and ORDERS:

1) The Court, in its discretion, awards $1,000 under the FDCPA and trebles Mr. Brandt's damages under the CPA, awarding $25,000. Wales & Woehler, Inc., and Jason Woehler must pay these awards in addition to the jury award in this case.

2) Wales & Woehler, Inc., P.S., and Jason Woehler are enjoined from ever again contacting Plaintiff Russell Brandt for any reason whatsoever.

DATED this 25 day of September, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER RE: STATUTORY DAMAGES AND INJUNCTIVE RELIEF - 4