UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RUSSELL BRANDT,

    Plaintiff,

v.

COLUMBIA CREDIT SERVICES, INC., a Delaware Corporation, WALES & WOEHLER, INC., P.S., a Washington Corporation, JASON L.WOEHLER, WSBA Number 27658, and SACOR FINANCIAL, INC., a California Corporation,

    Defendants.

Case No. C17-703RSM

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

This matter comes before the Court on Plaintiff Russell Brandt's Motion for Attorneys' Fees and Costs under 15 U.S.C. § 1692k(a)(3) and RCW 19.86.090. Dkt. #55. Defendants Wales & Woehler, Inc., P.S. and Jason L. Woehler ("Defendants") oppose. Dkt. #57.

District courts have broad discretion to determine the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). To make this determination, courts determine the "lodestar amount," which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). The lodestar figure is presumptively a reasonable fee award. *Id.* at 977. The court may adjust the lodestar figure up or down based upon the factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir.1975). The court need not consider the

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS - 1

*Kerr* factors, however, unless necessary to support the reasonableness of the fee award. *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1158 (9th Cir. 2002).[1] In the Ninth Circuit, "the determination of a reasonable hourly rate 'is not made by reference to the rates actually charged the prevailing party.'" *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007) (quoting *Mendenhall v. Nat'l Transp. Safety Bd.*, 213 F.3d 464, 471 (9th Cir. 2000)). "Rather, billing rates should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity." *Id.* (internal quotation omitted). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours…" *Welch*, 480 F.3d at 945-46 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). It is reasonable for a district court to conclude that the party seeking attorney's fees fails to carry its burden of documenting the hours expended when that party engages in "block billing" because block billing makes it more difficult to determine how much time was spent on particular activities. *Welch*, 480 F.3d at 948. The district court "should exclude any hours 'that are excessive, redundant, or otherwise unnecessary.'" *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley*, 461 U.S. at 434).

The Court will first address the hourly rate. The Court finds that the hourly rates of $400 for Ms. Hutchison and $350 for Mr. Leonard are reasonable based on the experience,

---

[1] Additionally, numerous courts have subsequently held that the bulk of these factors are subsumed in the lodestar calculation. *See, e.g., Blum v. Stenson*, 465 U.S. 886, 898-900, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984).

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS - 2

skill, and education of each attorney, and supported with citations to relevant cases where similar billing rates were awarded and declarations from attorneys practicing in the community. *See* Dkts. #55-1, #55-3, and #55-5. The Court notes Ms. Hutchison has been practicing in this area of the law for some time, being a member of the Washington State bar since 2005 and opening her own practice in October 2010. Dkt. #55-1. Mr. Leonard states that he has "significant experience in consumer protection and collection abuse litigation," opening his practice in 2015 and helping "over 100 individuals facing debt collection." Dkt. #55-3.

The Court next turns to the hours requested. It appears Plaintiff's attorneys have carefully reviewed their bills and adjusted to $0 all entries attributable solely to the litigation against Sacor and CCS. The entries attacked in Defendants' Response brief reflect work that likely supported Plaintiff's case against the remaining Defendants, and thus these entries will not be cut. Plaintiff has also adequately explained why he may recover for attorney time spent in the parallel bankruptcy action, arguably necessary to this case. *See* Dkt. #55 at 2 (citing *Travelers Cas. & Sur. Co. of Am. v. PG&E*, 549 U.S. 443, 450, 127 S. Ct. 1199, 1205, 167 L.Ed.2d 178, 186 (2007)). In any event, Defendants do not contest these entries.

However, the Court has reviewed the remaining submitted records and finds several areas of concern justifying a significant reduction in the requested award.

Defendants are correct that Plaintiff's counsel spent an excessive amount of time drafting the Complaint. Plaintiff's two counsel have apparently billed for the same task without explanation. The Court will accordingly cut billing for Mr. Leonard's entries on March 13 and March 30 of 2017, and reduce the total award by $980. *See* Dkt. #55-4. Defendants are also correct that the total time spent drafting Plaintiff's Motion for Summary Judgment was excessive given the issues of this case. The Court finds a duplication of effort between the two attorneys, and will reduce this time by 10 hours, subtracting $3,750 from the total award.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS - 3

The Court is particularly troubled by Plaintiff's effort to bill for their counsel's trial education. As stated above, Plaintiff's counsel has declared they are experienced in this type of legal proceeding, justifying a higher billing rate than in most FDCPA/CPA cases. However, the following billing entries do not reflect that level of experience: 4/23/18, "review local rules, email a 'punch list' to co-counsel," $400; 6/6/18, technology training followed by courtroom technology practice, $720; 6/6/18 "visiting courtroom to orient ourselves for trial and check technology," $805; 7/30/18, "watching civil trial in Western District court in Tacoma," $1,050; 8/6/18, watch voir dire and opening in two other cases, $600; 9/12/18, "study Nicholas Rowley trial book," $320; 9/5/18, "Courtroom Tech training," $455; 9/13/18, set up witness room and review courtroom technology processes, $280; and 9/13/18 "setting up witness room and ensuring technology works in courtroom, $245." Dkts. #55-2 and #55-4. The Court will not make Defendants pay for these tasks, which educate Plaintiff's counsel and arguably bring them up to the level of experience they use to justify their high hourly rates. Accordingly, $4,875 will be deducted from the total bill.

Defendants next point out the excessive costs in this matter, seeking reimbursement for "daily costs of living, simply because they incurred during trial," including "coffee at Starbucks and dinner at Assagio." Dkt. #57 at 7. The Court agrees with Defendants' analysis. These costs are not incidental and necessary to representation, nor is Ms. Hutchison's bus fare, nor Airbnb bill. *See* Dkt. #55-2 at 19–20. In any event, Plaintiff states that he "will file his Bill of Costs promptly upon entry of judgment in this matter," Dkt. #55 at 3, and may recover any costs from the Clerk of the Court that the Clerk deems awardable. The Court, in its discretion, will not award any costs sought in this Motion.

Defendants argue without citation that they should not be billed for Plaintiff's counsel's travel time. Plaintiff does not directly address this on Reply, arguing only that "[u]nder fee

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS - 4

shifting statutes, a plaintiff "may recover as part of the award of attorney's fees those out-of-pocket expenses that would normally be charged to a fee paying client." Dkt. #58 at 4 (citing *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (fees under 42 U.S.C. § 1988 affirmed with directions)). It is true that travel time may be recoverable. However, travel time is also routinely awarded at 50% of the normal hourly rate in this district. *See Wallis v. BNSF Ry. Co.*, 2014 U.S. Dist. LEXIS 56834, 2014 WL 1648472 (W.D. Wash. 2014); *Rookaird v. BNSF Ry.*, 2016 U.S. Dist. LEXIS 171598, 2016 WL 7180305 (W.D. Wash. 2016). Plaintiff does not attempt to justify specific entries. The Court finds that the amount of travel time billed by Plaintiff's counsel in this relatively simple case, approximately 14.5 hours, was excessive and redundant, reflecting unnecessary trips, and will reduce the overall bill by $1,600 accordingly.

The Court will also address its own observation of excessive billing for trial preparations. The jury trial in this matter lasted one day, and covered only the issue of damages after liability had been established on summary judgment. The only witnesses were the parties, and exhibits were kept to a minimum. In many ways, this was the simplest trial the Court has ever seen. Yet Plaintiff's counsel billed over 100 hours for "trial preparation" or "trial prep" without further explanation in the entry. This total does not include entries that mention specific trial preparation tasks, such as preparing direct and cross examination questions. A certain amount of generic trial preparation is to be expected in any bill. However, this total is clearly excessive, and reflects both attorneys billing for the same task. Furthermore, these billing records are insufficient to meet Plaintiff's burden to support the hours billed with some kind of explanation. *See Welch,* 480 F.3d at 945-46. The Court will reduce this billing by half, cutting $18,750 from the total requested award.

Finally, the Court notes a few entries that stand out as being unsupported by the record and excessive. The 6/28/18 entry by Ms. Hutchison for "review attorney fee bill to date" for

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS - 5

$480 does not appear necessary and is excessive; it will be cut. The two 6/6/18 entries by Mr. Leonard for "Drafting trial brief," for $980 and $735, appear excessive given previous billing and given that Plaintiff's trial brief is only nine pages long. These entries also appear duplicative of similar entries by Ms. Hutchison, and indeed come after an entry by Ms. Hutchison on 6/5/18 entitled "Finish Trial Brief." *See* Dkt. #55-2 at 14. For all these reasons the Court will deduct these amounts from the final award.

In sum, Plaintiff's requested attorneys' fees will be reduced by $32,150, from a total of $143,415 to a new total of $111,265. The Court will not award the requested costs. The Court will not add $1,087.50 to compensate Ms. Terrell for her time reviewing Plaintiff's billing records and offering a supportive declaration, as this is outside the fees contemplated by the applicable statutes above and outside the Court's typical practice in awarding attorneys' fees.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion for Attorneys' Fees, Dkt. #55, is GRANTED IN PART as stated above. Defendants shall pay Plaintiff $111,265 as an attorneys' fee award. Plaintiff may still file a proposed bill of costs, to be reviewed by the Clerk of the Court.

DATED this 15 day of October, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE